**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER**

For their Answer to Plaintiff's Complaint, Defendants Charles L. Norman, Andy Wilson, and Thomas Stickrath state as follows:

1. Paragraph 1 of the Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 1.

2. Paragraph 2 is denied for want of knowledge.

3. In response to Paragraph 3, Defendants admit that Plaintiff's March 9, 2022, application was denied. The remaining allegations in Paragraph 3 are denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is denied for want of knowledge.

6. Paragraph 6 is admitted.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 9.

1

10. Paragraph 10 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. Paragraph 11 is admitted.

12. Paragraph 12 is admitted.

13. Paragraph 13 is admitted.

14. Paragraph 14 is denied. Applicants propose certain types of reserved license plates – which may or may not include "messages" - but the initial reserve is pre-formatted and the applicant does not have an unfettered right to "decide" to have the BMV issue any license the Applicant desires.

15. Paragraph 15 is admitted.

16. In response to Paragraph 16, Defendants admit that they have permitted license plates stating "GRASS," "FC KR8TM," "NFG TOW," and "MCM AF." The remaining allegations in Paragraph 16 are denied for want of knowledge.

17. Paragraph 17 is admitted.

18. Paragraph 18 is admitted.

19. Paragraph 19 is admitted.

20. Paragraph 20 is denied. Defendants have received public feedback consistent with the belief that the government supports messages contained on custom plates.

21. Paragraph 21 is denied for want of knowledge.

22. Paragraph 22 is denied. The settlement agreement in *Zucco v. Calfrider* contains the rules that the BMV follows.

23. Paragraph 23 is denied.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Defendants admit that the BMV was involved in the *Zucco v. Calfrider* lawsuit. Defendants deny the remaining allegations of paragraph 27 of the Complaint.

28. Paragraph 28 is denied for want of knowledge. "RDRAGE" is currently an issued plate.

29. Paragraph 29 is denied.

30. In response to Paragraph 30, Defendants admit that it adopted new protocols following the *Zucco* settlement. All other allegations in Paragraph 30 are denied.

31. Paragraph 31 is admitted. Defendants further note that these rules are applied based upon historical data, current trends, and updated slang terms.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

36. In response to Paragraph 36, Defendants admit that an application for a license plate reading "PLSKYS" on a "Stop Bullying" logo plate was denied, on the grounds that the message had a perceived meaning of "please kill yourself." All other allegations in Paragraph 36 are denied.

37. In response to Paragraph 37, Defendants admit that a custom license plate application reading "NIU BI" on an Ohio Cattleman logo license plate was denied because the term refers to a Mandarin term meaning "fucking awesome," or, taken more literally, referring to cow genitalia. All other allegations in Paragraph 36 are denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is admitted.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

43. In response to Paragraph 43, Defendants admit that a custom plate reading "SL4YER" on a Cat Friendly logo plate was denied due to the perceived meaning, "pussy slayer."

44. In response to Paragraph 44, custom plates reading "WHT RICE" and "DAMICK" were initially denied and then permitted following appeals. Defendants have no record of issuing or denying a plate reading "LA NEGRA." Defendants admit that a custom plate reading "POLACK" was denied due to the perceived meaning of a derogatory term for a person with a Polish ancestry. Defendants admit that a custom plate reading "GYLTY" on an Ohio Cops logo plate was denied. All other allegations in Paragraph 44 are denied.

45. In response to Paragraph 45, Defendants admit that the license plate "TIGSUX" on a Canton Bulldogs logo plate was denied.

46. In response to Paragraph 46, Defendants admit that the license plate "SHAG SW" was denied due to the perceived meaning "sex wagon."

47. Paragraph 47 is denied.

48. Paragraph 48 is denied.

49. Defendants admit that a plate reading "SUKTDRY" was denied due to the perceived meaning "Sucked Dry."

50. Paragraph 50 is denied for want of knowledge regarding what "the driver wanted." Defendants admit the remaining allegations of paragraph 50 of the Complaint.

51. Paragraph 51 is admitted.

52. Paragraph 52 is admitted.

53. Paragraph 53 is admitted.

54. Paragraph 54 is admitted.

55. Paragraph 55 is denied.

56. Paragraph 56 is denied.

57. Paragraph 57 is denied, but Defendants admit that BMV sometimes reconsiders license plates that were approved in error when members of the public bring the issue to the BMV's attention.

58. In response to Paragraph 58, Defendants admit that a plate reading "GYLTY" was denied. Defendants deny the remaining allegations of paragraph 58 of the Complaint.

59. Paragraph 59 is denied. A plate reading "IDFW GAS" was approved and was not retroactively rejected.

60. Paragraph 60 is denied. A plate reading "BUY HASH" was approved and was not retroactively rejected.

61. Paragraph 61 is denied.

62. In response to Paragraph 62, Defendants admit that "F46 LGB" was denied due to the perceived meaning "fuck Joe Biden." Defendants admit that a historical custom plate reading "F46" was issued in 1960. Defendants admit that a custom plate reading LGB was issued to another vehicle in 2023.

63. Paragraph 63 is admitted.

64. Paragraph 64 is denied. Plates reading "LMAO GAS," "LMAO EPA," and "LMAOFF" were all denied for containing profanity.

65. In response to Paragraph 65, Defendants admit that a plate reading "AXEHOLE" was denied for containing profanity, but the owner was permitted to use "AXE HOLE" following an appeal.

66. In response to Paragraph 66, Defendants admit that a plate reading "REDRUM8" was denied due to the perceived meaning "murder" spelled backwards. Defendants admit that a plate reading "REDRUM6" was issued.

67. In response to Paragraph 67, Defendants admit that a plate reading "SKEET" was permitted in 2022 and that a plate reading "JIZZ" was denied due to a perceived reference to semen.

68. In response to Paragraph 68, Defendants admit that a plate reading "EATCHIT" was denied and, following an appeal, the alternative plate "EAT CHI T" was permitted.

69. In response to Paragraph 69, Defendants admit that the plate "2FASTFU" was denied. Custom plates reading "BAMAWAP, "BOFADZ," "FILTHYB," "FK7," and "GASFML" were also denied. Defendants admit that plates reading "HIT," "LLIGMA," "PHOQ2," "PKLPMP," "SHAGNN," and "STUKATS" were denied. Defendants admit that "LOLICON" and "LTLCKR" were initially admitted and recalled following public complaints. The remaining allegations in Paragraph 69 are denied.

70. Paragraph 70 is denied.

71. Paragraph 71 is denied.

72. Paragraph 72 is denied.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied. Defendants recalled a plate reading "FDT" in 2022 and subsequently denied a plate reading "FJB."

75. Paragraph 75 is denied. Defendants denied all of the following plates: "FK BIDEN," "FKJBIDN," "FJBIDEN," "FKBID3N," "FKTRMP," "FUK TRMP," and "FU TRMP."

76. In response to Paragraph 76, Defendants denied a plate reading "JJBH8TN" and admitted a plate reading "IH8GOP." The remaining allegations in Paragraph 76 are denied.

77. Paragraph 77 is denied.

78. In response to Paragraph 78, Defendants admit that a plate reading "WHT PWR 6" was denied, and that a plate reading "BLK PWR 6" was permitted.

79. Paragraph 79 is denied. Defendants permitted plates reading "H8OHIO," "IH8OHIO," "H8 MY ST8," "LUV OH," and "LUVN OH."

80. Paragraph 80 is denied.

81. In response to Paragraph 81, Defendants admit that Mr. Wonser applied for a custom license plate reading "F46 LGB," that this application was denied, and that the appeal of this denial was denied, as is reflected in the attached Exhibit 1, the Affidavit of Jeffrey Payne and the Exhibits to that Affidavit, which is incorporated by reference as if fully restated herein.

82. Paragraph 82 is denied.

83. Paragraph 83 is denied for want of knowledge.

84. Paragraph 84 is denied for want of knowledge.

85. Paragraph 85 is admitted.

86. Paragraph 86 is denied.

87. In response to Paragraph 87, Defendants admit that Mr. Wonser's application was denied, but deny the remaining allegations of paragraph 87 of the Complaint.

88. Paragraph 88 is denied. The March 11, 2022, denial communicated more information than the portion set forth in paragraph 88 of the Complaint.

89. Paragraph 89 is admitted.

90. Paragraph 90 is admitted.

91. Paragraph 91 is denied.

92. Paragraph 92 is denied.

93. Paragraph 93 is admitted.

94. In response to Paragraph 94, Defendants admit that the BMV responded on March 24, 2022, nine days following Plaintiff's appeal. Defendants deny that the BMV failed to offer "any justification."

95. Paragraph 95 is admitted.

96. Paragraph 96 is denied. In fact, the *Zucco* criteria were provided to Plaintiff in the initial March 11, 2022, denial of Plaintiff's application.

97. Paragraph 97 is denied. The words Plaintiff claims were not stated until the March 24, 2022, denial of Plaintiff's appeal were, in fact, also included in the BMV's initial March 11, 2022, denial of Plaintiff's application.

98. Paragraph 98 is denied.

99. In response to Paragraph 99, Defendants aver that the email sent to Plaintiff on March 11, 2022, states, with reference to a potential appeal of the denial, "You would include the reason for wanting the plate and any supporting documentation." The remaining allegations in Paragraph 99 are denied.

100. Paragraph 100 is denied.

101. In response to Paragraph 101, Defendants admit that Plaintiff appealed the denial to the Registrar's office on March 12, 2022.

102. In response to Paragraph 102, Defendants admit that the Registrar's office upheld the decision to deny his application on March 24, 2022. Although Plaintiff's counsel later sent a demand letter, Plaintiff's appeal rights were exhausted as of March 24, 2022.

103. As to Paragraph 103, Defendants admit that the March 24, 2022, notice provided to Mr. Wonser that his appeal was rejected stated, "we determined that the special license plate you wanted falls into a prohibited category." Defendants further aver that the requested license plate was rejected because it violated Guideline 1. The remaining allegations in Paragraph 103 are denied.

104. Paragraph 104 is admitted.

105. Paragraph 105 is denied.

106. Paragraph 106 is denied for want of knowledge.

107. Paragraph 107 is denied for want of knowledge.

108. As for Paragraph 108, Defendants admit that counsel for Plaintiff sent a letter demanding reconsideration in July 2022. Defendants deny the remaining allegations of paragraph 108 of the Complaint.

109. Paragraph 109 is admitted.

110. Paragraph 110 is admitted.

111. Paragraph 111 is denied for want of knowledge.

112. Paragraph 112 is denied for want of knowledge.

113. Paragraph 113 is denied for want of knowledge.

114. Paragraph 114 is admitted.

9

115. Paragraph 115 is denied for want of knowledge.

116. Paragraph 116 is admitted.

117. Paragraph 117 is denied.

118. Paragraph 118 is denied.

## COUNT ONE
### (42 USC 1983 – First Amendment)

119. In response to Paragraph 119, Defendants reincorporate their responses to Paragraphs 1 through 118 of the Complaint.

120. Paragraph 120 states legal conclusions to which no response is required. Defendants deny any factual allegations therein.

121. Paragraph 121 states legal conclusions to which no response is required. Defendants deny any factual allegations therein.

122. Paragraph 122 is denied.

123. Paragraph 123 is denied.

124. Paragraph 124 is denied.

125. Paragraph 125 is denied.

126. Paragraph 126 is denied.

## COUNT TWO
### (42 USC 1983 – First Amendment)

127. In response to Paragraph 127, Defendants reincorporate their responses to Paragraphs 1 through 126 of the Complaint.

128. Paragraph 128 is denied.

129. Paragraph 129 is denied.

130. Paragraph 130 is denied.

131. Paragraph 131 is denied.

132. Paragraph 132 is denied.

133. Paragraph 133 is denied for want of knowledge.

134. Paragraph 134 is denied for want of knowledge.

135. Paragraph 135 is denied for want of knowledge.

136. Paragraph 136 is denied.

137. Paragraph 137 is denied for want of knowledge.

138. Paragraph 138 is denied.

139. Paragraph 139 is denied for want of knowledge.

140. Paragraph 140 is denied for want of knowledge.

141. Paragraph 141 is denied for want of knowledge.

142. Paragraph 142 is denied for want of knowledge.

143. Paragraph 143 is denied for want of knowledge.

144. Paragraph 144 is denied for want of knowledge.

145. Paragraph 145 is denied for want of knowledge.

146. Paragraph 146 is denied.

147. Paragraph 147 is denied.

## COUNT THREE
### (42 USC 1983 – First Amendment)

148. In response to Paragraph 148, Defendants reincorporate their responses to Paragraphs 1 through 147 of the Complaint.

149. Paragraph 149 states legal conclusions to which no response is required. Defendants deny any factual allegations therein.

150. Paragraph 150 states legal conclusions to which no response is required. Defendants deny any factual allegations therein.

151. Paragraph 151 states legal conclusions to which no response is required. Defendants deny any factual allegations therein.

152. Paragraph 152 states legal conclusions to which no response is required. Defendants deny any factual allegations therein.

153. No response is required to Paragraph 153.

154. Defendants deny all factual allegations not expressly admitted herein.

### FIRST DEFENSE

155. Plaintiff's claims are barred by the applicable statute of limitations.

### SECOND DEFENSE

156. Plaintiff's claims are barred by the doctrine of laches.

### THIRD DEFENSE

157. Plaintiff fails to state any claim upon which relief can be granted.

### FOURTH DEFENSE

158. Plaintiff's claims are barred in whole or in part by the Eleventh Amendment of the U.S. Constitution.

### FIFTH DEFENSE

159. Defendants have acted in good faith at all times.

### SIXTH DEFENSE

160. Plaintiff has not been injured.

### SEVENTH DEFENSE

161. Plaintiff lacks standing.

**EIGHTH DEFENSE**

162. The Complaint makes no factual allegations about any of the Defendants except that they hold or held in certain public offices.

163. To the extent Plaintiff intended to state a claim against any Defendant in their individual capacity, all Defendants are entitled to qualified or absolute immunity.

**NINTH DEFENSE**

164. Plaintiff's state-law claims are barred because Defendants are entitled to political-subdivision immunity under R.C. §§ 2744.01, 2744.02, 2744.03, 2744.04, and 2744.05.

**TENTH DEFENSE**

165. Defendants had the right to rely upon and to apply the standards set forth in the *Zucco* settlement agreement.

**ELEVENTH DEFENSE**

166. Plaintiff's Complaint asserts that "the string of characters 'F46 LGB' has no objective meaning" and that '[m]ost people who see it attach no meaning to it whatsoever."

167. The First Amendment protects the expression of ideas, not meaningless "strings of characters".

**WHEREFORE**, Defendants request this Court to dismiss all claims by Plaintiff with prejudice, that Defendants be awarded all costs and attorney's fees, and that Defendants be granted such other relief to which they may be entitled and all other remedies available at law or equity.

Respectfully submitted,

*/s/ Donald C. Brey*
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
614-221-2121
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

*/s/ Donald C. Brey*
Donald C. Brey (0021965)