IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| **JEFFREY WONSER,** *Plaintiff,* v. **CHARLES L. NORMAN,** *et al.*, *Defendants.* | Case No.: 2:24-cv-02160<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth A. Preston Deavers |
|---|---|
| **REPORT OF THE PARTIES' PLANNING MEETING** ||

The parties respectfully report the results of their planning meeting under Civ. R. 26(f).

1. **Attendance:** The parties met by e-mail and telephone to discuss a discovery plan from July 22 through July 23. Through good-faith negotiations, the parties were able to agree on a schedule for discovery and flag potential issues that may arise as discovery proceeds. In attendance were:

    a. Brian D. Bardwell for Plaintiff Jeffrey Wonser.

    b. Ryan C. Spitzer for Defendants, Charles L. Norman, Andy Wilson, and Thomas Stickrath.

2. **Consent to magistrate judge:** The parties do not consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. §636(c).

3. **Initial Disclosures:** The parties agree to make initial disclosures by August 22, 2024.

4. **Jurisdiction and venue:** The parties do not contest jurisdiction or venue.

5. **Parties and pleadings:** The parties agree that any amended complaint may be filed by July 30, 2024.

6. **Pending motions:** There are no pending motions, although Defendants anticipate filing a Motion for Judgment on the Pleadings.

7. **Issues:** Mr. Wonser applied for a vanity license plate reading "F46 LGB," but the BMV denied Mr. Wonser's application and subsequently denied the appeal of the initial application denial. Mr. Wonser is bringing claims under Section 1983 and a state-law analogue generally alleging that the BMV's limits on the content of vanity license plates violate his right to free speech. The parties have demanded a jury.

8. **Non-expert discovery:**

    a. The parties propose closing non-expert discovery on January 10. The parties agree to schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date, and to file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call -in number.

    b. The parties anticipate the production of ESI. .

    c. The parties do not anticipate any need for a protective order or clawback order.

9. **Expert testimony:** The parties propose the following deadlines for expert testimony:

    a. **Identification of experts:**

    b. **Primary reports:** Exchanged by February 15, 2025.

    c. **Rebuttal reports:** Exchanged by March 15, 2025.

    d. **Expert discovery cutoff:** April 15, 2025.

10. **Dispositive motions:**

    a. **Dispositive motions due:** The parties' dispositive motions will be due May16, 2024.

    b. **Oppositions:** Briefs in opposition will be due 21 days after the relevant motion.

    c. **Replies:** Replies will be due 14 days after the brief in opposition.

11. **Settlement:** The parties have discussed early settlement but have not yet reached any agreement.

    Plaintiff will a make a settlement demand within 10 days of the resolution of any Rule 12 motions or September 1, whichever is later. Defendant will respond within 14 days. The parties agree to make a good-faith effort to settle this case. The parties understand that this case will be referred to an attorney mediator, or to the Magistrate Judge, for a settlement conference. The Court refers cases to settlement throughout the year. The parties request the following month and year: January 2025.

    In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement

conference orders which require, inter alia, that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

12. **Preservation of evidence:** The parties agree to preserve all evidence relevant to the case. The parties do not currently anticipate any need for judicial supervision of the preservation process.

13. **Form of production of evidence:** The parties agree to produce audio, video, and photographic evidence in their original format; and to produce written documents in searchable PDF format, with original formats to be produced on request with the producing party expected to comply to the extent no undue burden exists under FRCP 26. All productions will be Bates stamped, and the parties will identify documents responsive to discovery requests by Bates number.

14. **Privilege issues:** The parties do not anticipate any privilege issues arising.

15. **Changes to standard discovery limits:** The parties do not anticipate the need for any alterations to the limits imposed on discovery.

16. **Other orders the Court should issue: N/A.**

Respectfully submitted,

/s/Brian D. Bardwell
Brian D. Bardwell (0098423)
Speech Law LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Counsel for Plaintiff Jeffrey Wonser*

/s/ Ryan C. Spitzer
Donald C. Brey (0021965)
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
Isaac Wiles & Burkholder, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
614-221-2121
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on July 24, 2024, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(f).

/s/Brian D. Bardwell
Brian D. Bardwell (0098423)
*Counsel for Plaintiff Jeffrey Wonser*