# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Charles Norman, Thomas Stickrath,[1] and Andy Wilson move this Court for judgment on the pleadings pursuant to Fed R. Civ. P. (12)(c) as to the claims asserted in Plaintiff's Complaint for the following reasons:

1. Plaintiff's First Amendment rights were not violated since the First Amendment does not protect meaningless strings of characters, nor does it require Defendants to publish homophobic slurs or profanity.

2. The Special Plate Screening Guidelines brokered by this Court are not unconstitutionally vague and were properly applied.

3. Plaintiff's claims are barred by the applicable statute of limitations and the doctrine of laches.

4. Defendants are entitled to immunity as to Plaintiff's state-law claims against them.

5. Plaintiff alleges no facts and sets forth no viable legal theory supporting his state-law claims of criminal activity by Defendants in their individual *or* official capacities.

A Memorandum in Support is attached hereto.

---

[1] It is Defendants' understanding that Plaintiff's claims against Thomas Stickrath in his official capacity as Director of the Department of Public Safety have automatically transferred to Defendant Andy Wilson pursuant to Fed. R. Civ. P. 25(d), and that only individual-capacity claims (if any) pled against Defendant Stickrath remain.

1

/s/ Donald C. Brey
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

## MEMORANDUM IN SUPPORT

I. **STATEMENT OF FACTS**

  A. **The *Zucco* Settlement and the Special Plate Screening Guidelines**

In *Zucco v. Caltrider*, Case No. 2:01-cv-01270 (S.D. Ohio), Anthony Zucco filed suit against the Ohio Bureau of Motor Vehicles and Department of Public Safety, alleging that approval and subsequent revocation of the custom plate "RDRAGE" violated Mr. Zucco's First Amendment rights. (Complaint, ECF 1, ¶¶27-31, PageID 5-6). The case settled and the parties agreed on a series of protocols governing how custom plate applications would be screened. *Id.*; *see also* Ex. A, *Zucco v. Caltrider* Notice of Dismissal.

Under the *Zucco* settlement, plates must be rejected as inappropriate if they contain "words, combinations, and/or phrases (in any language or when read either frontward or backward)" that are profane, obscene, sexually explicit, scatological, "so offensive that they could reasonably be expected to provoke a violent response from viewers without additional comment," advocate lawlessness, or advocate lawless activities. *Id.* As applied, these guidelines also "bar acronyms and abbreviations of inappropriate content. *Id.*, ¶¶36-59, PageID 7-9 (referred to as the "Guidelines").

2

### B. Plaintiff's Application

Plaintiff applied for a license plate that stated "F46 LGB." *Id.*, ¶81, PageID 11. His application was denied by the BMV because it did not conform to Guideline 1, which barred profanity and obscene language. *Id.*, ¶90, PageID 12.

The Complaint alleges that "F46 LGB" is merely a "string of characters" with "no objective meaning." *Id*, ¶¶82-83, PageID 11.

The Complaint further alleges that there are two plausible interpretations of the objectively meaningless "string of characters" on the license plate: "FAG LGB," a phrase that contains a homophobic slur, and "Fuck 46, Let's Go Brandon," a phrase that contains profanity. *Id.*, ¶¶84-85, PageID 11.

Plaintiff appealed the application. The BMV denied his appeal nine days later. Defendants' Answer contains the correspondence between Plaintiff and the BMV concerning his application and subsequent appeal. Answer, ECF 4-1, Exs. A-C, PageID 41-45. Plaintiff was initially informed of the denial of his application via email on March 11, 2022, and via written correspondence on March 15. *Id.* at PageID 42, 44. He submitted his appeal via email on March 12, 2022. *Id.* at PageID 41. Plaintiff's appeal was denied and he was informed of the denial on March 24, 2022. *Id.* at PageID 45.

### C. Procedural Posture

Plaintiff's Complaint was filed on May 3, 2024 – two years, one month, and 9 days after his appeal was denied. *Id.* The first two counts of Plaintiff's Complaint are tort claims under 42 USC § 1983 alleging violations of Plaintiff's First Amendment because: (1) the Guidelines are unconstitutionally vague, and (2) Defendants applied the Guidelines unconstitutionally by blocking Mr. Wonser's license plate application. *Id.*, ¶¶119-147, PageID 14-16.

Plaintiff's third count is a state law criminal-act tort claim against all Defendants under Ohio Rev. Code § 2307.60(A)(1), alleging that the Defendants "knowingly" deprived, or conspired or attempted to deprive, Plaintiff of his First Amendment rights. *Id.*, ¶¶148-152, PageID 17. However, the Complaint sets forth no factual basis for the conclusory assertion that Defendants "knowingly" deprived Plaintiff of a constitutional or statutory right.

## II. STANDARD OF REVIEW

When ruling on a motion for judgment on the pleadings, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (citations omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* In ruling on a motion for judgment on the pleadings, the Court considers the pleadings, which consist of the complaint, answer, and any written instruments attached as exhibits. *Roe v. Amazon.com*, 170 F.Supp.3d 1028, 1032 (S.D. Ohio 2016); *see also Rinear v. Capital Mgmt. Servs., L.P.*, S.D. No. 1:12-cv-958, 2013 U.S. Dist. LEXIS 36916, at *4 (noting that a court may consider exhibits attached to a defendant's answer in a motion for judgment on the pleadings "when they are integral to the claims and the authenticity of the documents is not disputed.").

## III. LAW AND ARGUMENT

### A. PLAINTIFF'S FIRST AMENDMENT RIGHTS WERE NOT VIOLATED SINCE THE FIRST AMENDMENT DOES NOT PROTECT MEANINGLESS STRINGS OF CHARACTERS, NOR DOES IT REQUIRE DEFENDANTS TO PUBLISH HOMOPHOBIC SLURS OR PROFANITY.

Plaintiff's Complaint does not claim that he intended to communicate any message or meaningful statement with the "F46 LBG" license plate. Instead, Plaintiff alleges that the license plate requested was a "string of characters" with "no objective meaning." Complaint, ECF 1, ¶82,

4

PageID 11. Plaintiff offers no non-profane interpretation of the characters, but merely claims that "[m]ost people who see it attach no meaning to it whatsoever." *Id.*, ¶83.

The First Amendment protects the communication of ideas – not meaningless strings of characters. *Giebel v. Sylvester*, 244 F.3d 1182, 1186-87 (9th Cir. 2001) ("In general, words communicating information are 'speech' within the meaning of the First Amendment, whether or not the words convey important ideas.") (citing *44 Liquormart, Inc. v. Rhode Island*, 517 U.S. 484, 516, 134 L.Ed. 2d 711, 116 S. Ct. 1495 (1996)).

Thus, at a *minimum*, Plaintiff's license plate must communicate information or convey an idea to constitute speech under the First Amendment. But Plaintiff's Complaint admits that the requested license plate was a "string of characters" with "no objective meaning." That admission alone should begin and end the Court's analysis of the Complaint because the Complaint fails to allege viable First Amendment communication.

While Plaintiff alleges that the requested license plate was "objectively" meaningless, Plaintiff also admits that the license plate requested – "F46 LGB" – *could* be interpreted to contain a homophobic slur or an acronym of a phrase that contains profanity. *Id.*, ¶¶82-85, PageID 11. The Guidelines prohibit profanity, including abbreviations of inappropriate content. *Id.*, ¶¶31, 36-59, PageID 6-9. Therefore, Plaintiff's requested license plate does not adhere to the plain language of the Guidelines.

Plaintiff has no First Amendment right to violate the Guidelines. Custom license plates are government speech, and the government is permitted to impose reasonable guidelines on what may be expressed. *Walker v. Tex. Div., Sons of Confederate Veterans, Inc.*, 576 U.S. 200, 201, 135 S. Ct. 2239, 192 L.Ed. 2d 274 (2015). "[License] plates are, essentially, government IDs, and ID issuers 'typically do not permit' their IDs to contain 'messages with which they do not wish to be

5

associated.'" *Id.* (quoting *Pleasant Grove v. City of Summum*, 555 U.S. 460, 472, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009)).

Although the U.S. Supreme Court's holding in *Walker* pertained to the design of plates and did not directly address the alphanumeric messages on custom plates, other courts have extended it to this context. *See Odquina v. City & Cnty. Of Honolulu*, D. Haw. No. 22-cv-407-DKW-RT, 2022 U.S. Dist. LEXIS 201175 (Nov. 4, 2022) ("*Walker* is instructive."); *see also Comm'r of the Ind. BMV in His Official Capacity v. Vawter*, 45 N.E.3d 1200 (Ind. 2015) (same holding). And in both contexts, the reasoning is identical. States have long used license plates to convey government speech. *Walker*, 576 U.S. at 201; *see also Odquina*, at *25 ("To the extent that the content of license plates serves these purposes *and* communicates some *other* message, state and local governments have historically used the license plate forum to convey their own speech."). Each plate is a governmental article which serves governmental purposes of vehicle registration and identification. *Id.* The State of Ohio exerts "final approval authority" over the content of the plates, both with respect to custom plates and custom messages on plates. *Pleasant Grove*, 555 U.S. at 461; *see also Odquina* at *26-27 ("Although the general populace most certainly understands that vanity license plates are attributable in some respect to the vehicle owner, reasonable observers are also aware that vanity plates must be approved and printed by the government"). And when government speaks, it is not barred by the Free Speech clause from determining the content of what it says. *Id.* at 460; *Walker*, 576 U.S. at 200.

Further, even in cases where courts have held that custom messages on plates are not government speech, "[m]ost courts that have considered the question have decided that license plates are a nonpublic forum." *Ogilvie v. Gordon*, N.D. Cal. No. 20-cv-01707-JST, 2020 U.S. Dist. LEXIS 259377 (July 8, 2020) (listing cases). A nonpublic forum is "a publicly-owned property

6

that is not by tradition or governmental designation 'a forum for public communication.'" *Miller v. City of Cincinnati*, 622 F.3d 524, 535 (6th Cir. 2010). Government restrictions on speech in a nonpublic forum are permissible provided they are reasonable and viewpoint neutral. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788 at 806, 105 S. Ct. 3439, 87 L. Ed. 2d 567 (1985). Here, the restrictions imposed on Plaintiff's application prevent the use of profanity. They do not discriminate against any particular viewpoint. For this reason, they are reasonable and viewpoint-neutral.

Accordingly, there is no First Amendment basis for requiring Defendants to permit the custom plate Plaintiff has requested. Defendants have imposed reasonable guidelines on the custom plate program, and "F46 LGB" does not meet them.

### B. THE SPECIAL PLATE SCREENING GUIDELINES BROKERED BY THIS COURT ARE NOT UNCONSTITUTIONALLY VAGUE AND WERE PROPERLY APPLIED.

Plaintiff's second claim is that the guidelines are unconstitutionally vague. "A party's claim that a statute is unconstitutionally vague faces a high bar, as few statutes meet the void-for-vagueness threshold." *Mt. Pleasant Blacktopping Co. v. Greene Cnty*, No. 21-3684, 2022 U.S. App. LEXIS 12057, at *8 (6th Cir. 2022). Vagueness is unconstitutional if it "(1) fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or "(2) authorizes or even encourages arbitrary and discriminatory enforcement." *Id.*

Neither condition is met here. "Profanity" has an unambiguous meaning, as does obscene, sexually explicit, scatological, "so offensive that they could reasonably be expected to provoke a violent response from viewers without additional comment," advocating lawlessness, or advocating lawless activities. (Complaint, ECF 1, ¶31, PageID 6). A person of ordinary intelligence would have no difficulty determining whether a given interpretation falls afoul of one of these criteria – even if they may not be aware of all possible interpretations of a license plate they request.

7

Plaintiff also ignores that the language of the Guidelines was arrived at as a product of the settlement in *Zucco v. Caltrider*, No. 2:01-cv-01270 (S.D. Ohio), and was brokered by **this Court**. *See* Ex. A ("The matter having be[en] resolved by and among the parties in accordance with the settlement agreement *brokered by the Court*, Plaintiffs hereby dismiss this action with prejudice.") (emphasis added).

Nor do the Guidelines authorize or encourage "arbitrary and discriminatory enforcement." At most, Plaintiff alleges in the complaint that the Guidelines have been *inconsistently* enforced. (Complaint, ECF 1, ¶¶ 71-80, PageID 10-11). But "allegedly arbitrary or inconsistent enforcement of a regulation whose terms are unambiguous does not render the regulation impermissibly vague." *Mt. Pleasant*, at *9; *see also 600 Marshall Entm't Concepts, LLC v. City of Memphis,* 705 F.3d 576, 586-87 (6th Cir. 2013). The language of the Guidelines is unambiguous. Defendants' Answer denies the allegations of inconsistent enforcement. But even assuming Plaintiff's allegations that the Guidelines have been inconsistently enforced for purposes of the instant motion, merely alleging the existence of holes in the BMV's history of enforcing them does not itself establish that the Guidelines the BMV enforces are unconstitutional.

Since the Guidelines neither fail to provide people of ordinary intelligence a reasonable opportunity to understand them, nor encourage arbitrary or discriminatory enforcement, they are not unconstitutionally vague.

    **C.    ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS AND BY LACHES.**

In Ohio, the applicable statute of limitations for claims brought under 42 USC § 1983 is two years. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *see* R.C. 2305.10. The statute of limitations period "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* (citing *Friedman v. Estate of Presser*,

8

929 F.2d 1151, 1159 (6th Cir. 1991)). Further, "it is well settled that" the applicable statute of limitations for claims brought under R.C. 2307.60 is one year. *Seymour v. Miller*, S.D. Ohio No. 2:21-cv-313, 2022 U.S. Dist. LEXIS 4091, at *7 (Jan. 10, 2022).

Here, Plaintiff knew or had reason to know that his application was denied when the BMV informed him via email. Plaintiff's Complaint conveniently fails to allege and/or provide what day this occurred. It occurred on March 11, 2022. (Answer, Ex. A, ECF 4-1, PageID 42-43) March 11, 2022, is two years, 1 month, and 22 days before the Complaint was filed on May 4, 2024.

Even Plaintiff's appeal was denied more than two years before the Complaint was filed. Plaintiff's appeal was denied on March 24, 2022 – two years, 1 month, and 9 days before the Complaint was filed.  Plaintiff's claims fail because they were brought after the two-year statute of limitations expired.

The doctrine of laches bars recovery as well. *McKeon Prods. V. Howard S. Leight & Assocs.*, 15 F.4th 736, 742 (6th Cir. 2024). Plaintiff had no good reason to wait to file the instant claim until over two years after finding out his application was denied. This delay causes prejudice by making fair resolution of factual matters (if necessary) by Defendants more difficult. After two years, personnel have changed, and personal recollections have faded. Moreover, many retention schedules of public offices do not extend beyond two years for certain categories of documents. Because of Plaintiff's unjustified delay, Defendants will need evidence and testimony that no longer exists. This is precisely why the two-year statute of limitations on constitutional claims exists in the first place.

Plaintiff additionally cannot establish that any "continuing violation" is occurring here. A "continuous violation" occurs if (1) a defendant engages in continuing wrongful conduct, (2) injury to the plaintiff accrues continuously, and (3) had the defendant at any time ceased its wrongful

9

conduct, further injury would have been avoided. *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). Here, there is no continuing wrongful conduct or continuously accruing injury. Instead, the facts alleged point out "a series of discrete, easily identifiable incidents," which do not establish a continuing violation. *Goldsmith v. Sharrett*, 614 Fed. Appx. 824, 829 (6th Cir. 2015). Plaintiff additionally does not allege any "continuously accruing" injury he has suffered in the Complaint. The denial of Plaintiff's initial application and subsequent appeal are discrete and particular events with easily identified dates. *See* Answer, ECF 4-1, Exs. A-C, PageID 41-45. Accordingly, the "continuing violation" doctrine does not apply.

### D. DEFENDANTS ARE ENTITLED TO IMMUNITY AS TO PLAINTIFF'S STATE-LAW CLAIMS AGAINST THEM.

Plaintiff's Complaint does not specify whether the named Defendants are sued in their official or individual capacities. To the extent Plaintiff seeks to plead any official-capacity claim for damages against Defendants, they are entitled to sovereign immunity under the Eleventh Amendment.

An official-capacity suit against a public official is "another way of pleading an action against the public entity that agent represents." *Curtis v. Breathitt Cty. Fiscal Court*, 756 Fed. Appx. 519, 525 (6th Cir. 2018). R.C. § 2307.60 ordinarily authorizes a suit for money damages, but the Eleventh Amendment bars federal courts from considering claims against states for money damages except where the state has given express consent. *Swain v. Chambers-Smith*, S.D. Ohio No. 2:23-cv-2809, 2023 U.S. Dist. LEXIS 225685, at *8 (Dec. 19, 2023). Ohio has not waived sovereign immunity in federal court. *Id.* at *9 (quoting *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999)).

To the extent any state-law claim is pled against Defendants in their *individual* capacities, which the Complaint fails to indicate, this Court cannot exercise pendent jurisdiction over state-

10

law claims against state employees "unless and until the Court of Claims determines the employee-defendants are not entitled to immunity." *Khatri v. Ohio State University*, No. 5:18CV2962, 2020 U.S. Dist. LEXIS 16965, at *15 (N. D. Ohio January 17, 2020) (citing *Haynes v. Marshall*, 887 F.2d 700, 704-05 (6th Cir. 1989)). R.C. § 2743.02(F) provides that any plaintiff seeking to allege that a state officer or employee's conduct was "manifestly outside the scope" of their duties, or that they acted "with malicious purpose, in bad faith, or in a wanton or reckless manner," must first file a claim with the Court of Claims to determine whether immunity applies. Absent such a determination, this provision bars federal courts from considering state-law claims filed against Ohio officers in federal court in their individual capacities. *Haynes*, 887 F.2d at 704 ("Under Ohio law, then, state employees may not be sued unless and until it has been determined by the Court of Claims that they are not entitled to immunity.").

Plaintiff does not allege that the Court of Claims has determined that any Defendant is not entitled to immunity under R.C. § 9.86, and so there is no basis to suppose that immunity has been waived. Accordingly, Defendants are immune from Plaintiff's state-law claims in their official and individual capacities.

### E. Plaintiff alleges no facts and sets forth no viable legal theory supporting his state-law claims of criminal activity by Defendants in their individual *or* official capacities.

Further, Plaintiff's conclusory allegation that Defendants committed criminal acts by denying his application is wholly unsupported by factual allegations in the Complaint. A complaint "must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 326 (6th Cir. 2007). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579

F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Count Three of the Complaint simply alleges that Defendants have engaged in criminal acts "by knowingly depriving Mr. Wonser of his right to communicate the message of his choosing." (Complaint, ¶152, ECF 1, PageID 17). Plaintiff provides no factual basis for this claim beyond his subjective and unwarranted belief that the denial of his license plate application was unconstitutional. Plaintiff does not make any particularized allegations as to actions taken by Defendants Norman, Wilson, or Stickrath as individuals. Nor does Plaintiff allege that the individual Defendants personally participated in the application process, or that they had some personal awareness of facts which would establish that they "knowingly depriv[ed]" him of his rights. "A public official who acts in an honest belief that his actions are authorized or required by law, without acting knowingly to deprive one of a constitutional or statutory right, does not violate R.C. 2921.45, even though such official's conduct is later determined not to have been authorized or required." *Maynard v. Smith*, 47 Ohio Misc. 47, 354 N.E.2d 722 (Franklin M.C. 1975) (citing R.C. 2921.45, 1974 Committee Comment to H 511). Plaintiff's state-law claim thus fails to set out a "viable legal theory" for the crimes he alleges they have committed.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff's Complaint in its entirety.

    Respectfully submitted,

    */s/ Donald C. Brey*
    Donald C. Brey (0021965), *Trial Counsel*
    Ryan C. Spitzer (0093515)
    Gareth A. Whaley (0102156)
    **ISAAC WILES & BURKHOLDER, LLC**
    Two Miranova Place, Suite 700

        Columbus, Ohio 43215-5098
        dbrey@isaacwiles.com
        rspitzer@isaacwiles.com
        gwhaley@isaacwiles.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

On October 2, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

        */s/ Donald C. Brey*
        Donald C. Brey (0021965)

13