# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Defendants. | : | |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants Charles Norman, Thomas Stickrath, and Andy Wilson move this Court to stay all pending discovery in this case until Defendants' Motion for Judgment on the Pleadings (Doc. 9) is ruled upon. This is warranted because:

I.  Plaintiff's pending discovery requests are extraordinarily broad, and would needlessly impose substantial burdens on the Defendants;

II. Defendants have raised various issues of statutory and constitutional immunity, which would be substantially vitiated absent a stay; and

III. There is no risk of prejudice to Plaintiff from a delay.

A Memorandum in Support is attached hereto.

                                                  */s/ Donald C. Brey*
                                                  Donald C. Brey (0021965), *Trial Counsel*
                                                  Ryan C. Spitzer (0093515)
                                                  Gareth A. Whaley (0102156)
                                                  **ISAAC WILES & BURKHOLDER, LLC**
                                                  Two Miranova Place, Suite 700
                                                  Columbus, Ohio 43215-5098
                                                  dbrey@isaacwiles.com
                                                  rspitzer@isaacwiles.com
                                                  gwhaley@isaacwiles.com
                                                  *Counsel for Defendants*

**MEMORANDUM IN SUPPORT**

The decision to grant a motion for a stay of discovery for any reason "is ordinarily committed to the sound discretion of the trial court." *Roth v. President of Ohio Univ.*, No. 2:08-cv-1173, 2009 U.S. Dist. LEXIS 83160, at *3 (S.D. Ohio Aug. 18, 2009). The mere existence of a pending dispositive motion, in this Court, is generally insufficient to merit a stay of discovery. *Id.* However, if "the motion raises an issues such as immunity from suit, which would be substantially vitiated absent a stay," a grant may be proper. *Id.* at *5. In ruling on a motion for stay, "the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Wilson v. Gillespie*, No. 2:13-cv-139, 2014 U.S. Dist. LEXIS 94458, at *3 (S.D. Ohio July 10, 2014). Additionally, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed based on legal determinations that could not have been altered by any further discovery." *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir. 2003).

**I. Plaintiff's pending discovery requests are extraordinarily broad, and would needlessly impose substantial burdens on the Defendants.**

Plaintiff has already served interrogatories, requests for admission, and requests for the production of documents upon all three Defendants. Each Defendant has received seventy-one requests for admissions, twenty-one interrogatories, and thirty requests for production. (Plaintiff's Requests to Defendants Stickrath, Norman, and Wilson, Exs. A, B, C (respectively)). These requests are for information and materials which would be profoundly burdensome for Defendants to respond to. The vast majority of these requests do not directly pertain to Wonser's plate application.

For instance, Plaintiff's interrogatories request that Defendants identify "every person involved in deciding whether to approve Messages for Vanity License Plates from January 1, 2019 forward, including their name, job title, and dates of membership on the committee." (Requests to Defendant Stickrath, Ex. A, Interrogatory #3, p. 11). Plaintiff additionally requests every single custom plate that was approved and later rejected, or rejected and later approved, since January 1, 2018. (*Id.*, Interrogatories ## 10, 11).

Plaintiff's requests for production are even more broad. Plaintiff requests "all e-mails and any other electronic communications – from January 1, 2002, forward" containing twelve alphanumeric strings including "Zucco," "FJB," "First Amendment," "FDT," etc. (*Id.*, p. 13, RFP # 5). Plaintiff also requests the BMV's entire list of current license plates registered in Ohio (RFP #6), the list of all communications "reflecting deliberations" from the Special Plate Committee since 2018 (RFP # 11), "all documents promoting the Bureau's Vanity License Plate programs," (RFP # 13), "records of every Ohio State Highway Patrol investigation of violations of Ohio Rev. Code § 2907.32" since 2018, one request just for "documents reflecting Defendants' interpretations of the Special License Plate Screening Guidelines" (RFP #25), and so on. (*See generally id.*, pp. 13-16).

Defendants will, in all likelihood, object to many of these requests, to the extent they seek materials beyond the scope of Plaintiff's claims. Defendants have already expended substantial resources in preparing responses to the 213 requests for admission, which they will be providing to Plaintiff on or before October 14th, 2024.[1] However, totaling all requests issued to all Defendants, there are 366 requests to which a response will be necessary. Even the responses to which objections are warranted will require research to determine the extent to which all overbroad requests might partially fall within the scope of discovery. Ninety of Plaintiff's

---

[1] Counsel for Plaintiff agreed to a two-week extension to October 14th, 2024 via phone call on September 25, 2024.

3

requests are for documents, many of which range over half a decade, three of which range over twenty years. Even responding solely to Plaintiff's requests to the extent they are within the scope of discovery will impose a serious burden on all Defendants.

Further, even if Defendants' motion for judgment on the pleadings is not granted in its entirety, a ruling on which claims and which parties remain, and what the operative legal questions are pertaining to each, will assist the parties in focusing the scope of discovery necessary to resolve remaining issues in this case.

II. **Defendants have raised various issues of statutory and constitutional immunity, which would be substantially vitiated absent a stay.**

Defendants' Motion for Judgment on the Pleadings argues that Defendants are immune from Plaintiff's state-law claims pursuant to the Eleventh Amendment and R.C. 9.86. (Doc. 9, PageID ## 66-67). The purpose of these provisions is to exercise the sovereignty of the State of Ohio under the U.S. Constitution and shield states and public entities from the burden of litigation in federal court except on terms to which the State has consented. This purpose would be vitiated if Defendants are required to proceed with the extensive discovery documented above, in response to a claim that they are immune to.

Defendants further argue in their 12(c) motion that all Plaintiff's claims are barred by the applicable statutes of limitations, which similarly exist to protect Defendants from being forced to respond to out-of-date claims, and would be vitiated by forcing Defendants to proceed with discovery. (*Id.*, PageID ## 64-66). Statutes of limitations exist precisely to prevent the burdens Defendants now face, as many of the records Plaintiff seeks may have been moved or destroyed since 2022 in the course of Defendants' ordinary recordkeeping procedures.

Both Defendants' statute-of-limitations and immunity arguments would be vitiated by a denial of a stay. These are issues which can be resolved "based on legal determinations that

could not have been altered by any further discovery." *Gettings*, 349 F.3d at 304. Accordingly, a stay is appropriate.

**III.     There is no risk of prejudice to Plaintiff from a delay.**

Further, Plaintiff by his own conduct has made clear that this is not a time-sensitive case. He has already waited over two years to file it. (Motion, Doc. 9, PageID # 65). There is no persistent or ongoing harm to Plaintiff, other than the fact that he is still unable to use the license plate he requested. To the extent this is a harm at all, it is a compensable one. The facts of this case are not of the sort that time is of the essence. And, as set forth above, if a ruling on Plaintiff's pending motion is able to clarify the contested issues and applicable immunities (or if the case is dismissed outright), both parties will be spared the expense of exchanging discovery on issues for which resolution is already possible.

**IV.     Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court grant a stay of discovery pending the resolution of Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

*/s/ Donald C. Brey*
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On October 11, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

/s/ Donald C. Brey
Donald C. Brey (0021965)

## EXHIBITS

**Ex. A:** Plaintiff's Discovery Requests to Defendant Stickrath

**Ex. B:** Plaintiff's Discovery Requests to Defendant Norman

**Ex. C:** Plaintiff's Discovery Requests to Defendant Wilson

4870-9307-9021.1