IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY WONSER,**<br>                    *Plaintiff,*<br><br>        v.<br><br>**CHARLES L. NORMAN,** *et al.*,<br>                    *Defendants.* | Case No.: 2:24-cv-02160<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth A. Preston Deavers |
| **JEFFREY WONSER'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY** | |

Plaintiff Jeffrey Wonser respectfully opposes Defendants' motion to stay discovery. The Court should deny the motion; as laid out below, Defendants have not presented any evidence that discovery would impose a substantial burden, they cannot dispose of the case on immunity grounds, and their motion threatens to prejudice Mr. Wonser's First Amendment rights.

### ISSUES PRESENTED

1.    Trial courts should not stay discovery at a stage of litigation where the stay would prejudice the non-moving party. After Mr. Wonser requested a preliminary injunction, Defendants sought a discovery stay that would cut him off from evidence he needs for a hearing on that motion. Should the Court stay discovery, despite the resulting prejudice?

2.    Trial courts should not stay discovery if the stay would not dramatically simplify the issues facing it. Here, the stay will not simply those issues, as Defendants' motion for judgment on the pleadings cannot dispose of all the claims against them. Should the Court stay discovery merely to delay consideration of the remaining issues facing it?

3.    Trial courts should not stay discovery if the moving party has not demonstrated that discovery poses an undue burden. Defendants have offered no evidence of an undue burden. Should the Court stay discovery based only on their conclusory assertions of burden?

## FACTS

Mr. Wonser applied for a vanity license plate in 2022, but Defendants refused to issue it "due to the potential perception of inappropriateness."[1] Mr. Wonser applied for a vanity license plate again, and Defendants refused to issue it again,[2] labeling his request "Inappropriate/ Invalid."[3] Mr. Wonser brought a Section 1983 action for a violation of his First Amendment rights and served identical sets of requests for admissions, interrogatories, and requests for inspection on each Defendant[4] and moved for a preliminary injunction.[5] Defendants answered their requests for admissions[6] and have now moved to stay discovery, objecting that some of Mr. Wonser's requests are not relevant or are too broad.[7]

## LEGAL STANDARD

Generally speaking, a Rule 12 motion "is insufficient to grant a stay of discovery." *Seattle House, LLC v. City of Delaware*, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020).[8] "In deciding whether to grant a stay, courts commonly consider instead the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced." *Seattle House* at *2.

---

[1] Answer, Ex. B, ECF #4-1.

[2] Complaint, ¶ 110–13.

[3] Affidavit of Jeffrey Wonser, ¶ 9 (ECF #12-51); ECF #12-49.

[4] ECF #14-1; ECF #14-2; ECF #14-3.

[5] ECF #12.

[6] ECF #18-1; ECF #18-2; ECF #18-3.

[7] Mot. to Stay Discovery, 1 ("These requests are … profoundly burdensome [and] do not directly pertain to Wonser's plate application.").

[8] *See also*, *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010) ("[A] potentially dispositive motion as to which the parties have presented substantial arguments on both sides, is simply not sufficient to warrant a complete stay of discovery."); *DiYanni v. Walnut Twp. Bd. of Educ.*, No. 2:06-CV-0151, 2006 WL 2861018, at *1 (S.D. Ohio Oct. 4, 2006) (holding that a motion for judgment on the pleadings is the "functional equivalent" of a Rule 12(B)(6) motion, and therefore "usually deemed insufficient to support a stay of discovery").

LAW & ARGUMENT

**I.     Because it is considering a preliminary injunction, the Court should not stay discovery.**

"[T]he time of the motion is the relevant time to measure the stage of litigation." *Drink Tanks Corp. v. GrowlerWerks, Inc.*, 2016 WL 3844209, at \*3 (D. Or. July 15, 2016). Defendants do not argue that the stage-of-litigation question cuts in their favor and have therefore waived that argument. *Joseph Forrester Trucking v. Dir., Off. of Workers' Comp. Programs*, 987 F.3d 581, 593 (6th Cir. 2021) ("[P]arties forfeit arguments raised for the first time in a reply brief.").

Even on the merits, though, this factor cuts against a stay. Defendants have permitted litigation to progress for months without seeking a stay. Their motion comes more than five months after the Complaint, more than three months after their Answer, and nearly three months after discovery had opened. Defendants only got around to seeking a stay after Plaintiff undertook the time and expense of preparing discovery demands, after the parties had negotiated a protective order to govern the exchange of documents they anticipated producing, and only after briefing had begun on Plaintiff's motion for a preliminary injunction.

Because Defendants waited until discovery was already underway and the Court was considering a motion for preliminary injunction, the Court should not stay discovery.

**II.    Because a delay would prejudice Mr. Wonser, the Court should not stay discovery.**

"[R]efusal to grant discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant." *De Baca v. United States*, 403 F. Supp. 3d 1098, 1128 (D.N.M. 2019). Here, a discovery stay would prejudice Mr. Wonser because he has already undertaken the expense of preparing discovery requests, because he has moved for a preliminary injunction, and because he needs discovery to prepare for a hearing on his motion.

While the parties dispute many key questions that will inform the Court's ruling on that motion, there are certain factual questions that the Court will need to answer one way or another

but cannot be answered without discovery. For instance, while the parties disagree about what type of forum Defendants opened by permitting drivers to select their own messages for license plates and therefore how narrowly they must tailor any restrictions on those messages, any forum analysis will require the Court to consider both the governmental interest Defendants purport to be advancing and the available alternatives to censorship they have considered but rejected.

But Mr. Wonser has no way of knowing what interests Defendants think they're advancing or rebutting whatever arguments they may present. They denied Mr. Wonser's assertion that these restrictions are unsupported by any compelling governmental interest, but they have not disclosed what interest is at work.[9] Mr. Wonser therefore requires responses to interrogatories asking Defendants to identify the governmental interests Defendants purport to be advancing by censoring his message.[10]

Any delay in producing that discovery would therefore necessarily delay Mr. Wonser's ability to prepare his case for a preliminary injunction, which would in turn delay a fair hearing on the motion, which would in turn delay resolution of the motion, which would in turn delay any alteration to Defendants' policies infringing on his First Amendment right to free speech. Crediting Defendants' insistence that Mr. Wonser's "F46" message is an indictment of the Biden Administration, Mr. Wonser would therefore likely be *irreparably* prejudiced by further delays, as there are now only 80 days left before "46" is replaced with "47."

Because further delay would prejudice Mr. Wonser's case and his right to free speech, the Court should not stay discovery.

---

[9] Answer, ¶ 146–47.
[10] ECF #14-1, Interrogatory 15–16.

**III.    Because a stay would not simplify the issues, the Court should not stay discovery.**

Defendants make no argument that a discovery stay would simplify the issues, and they have therefore waived that argument. *Joseph Forrester Trucking*, 593. But again, this factor does not work in their favor anyway.

To determine whether a stay would simplify the issues, the trial court "must take a 'preliminary peek' at the merits of the potentially dispositive motion and must be convinced that the plaintiff will be unable to state a claim for relief." *Flynn v. Nevada*, 345 F.R.D. 338, 345 (D. Nev. 2024). While their motion for judgment on the pleadings is now moot with the filing of Mr. Wonser's Amended Complaint, its refiling would be unlikely to dispose of the case:

- It can't dispose of the case with its argument that Mr. Wonser's message is government speech because the Court can't reach that conclusion without resolving a variety of factual disputes, including "the history of the expression at issue; the public's likely perception as to who … is speaking; and the extent to which the government has actively shaped or controlled the expression. " *Shurtleff v. City of Bos., Massachusetts*, 596 U.S. 243, 252 (2022).

- It can't dispose of the case with its argument that the Special Plate Screening Guidelines satisfy the First Amendment—either facially or as applied to Mr. Wonser's message—because the Complaint alleges that they are applying a different set of rules altogether.[11]

- It can't dispose of the case with its argument that Mr. Wonser's claims are time-barred because the Complaint alleges continuing violations, including a rejection of Mr. Wonser's application as recently as November 1, 2024.[12]

Because Defendants' motion is unlikely to simplify the issues by disposing of the case, the Court should not stay discovery.

---

[11] Complaint, ¶¶ 29–38 (alleging BMV is censoring messages "not because they violate any of the *Zucco* criteria, but because they violate its censors' subjective criteria"). Indeed, Exhibit B to their Answer admits that Defendant Norman doesn't want to promote "messages or causes which may be distasteful or offensive" and therefore rejected Mr. Wonser's message based on "the potential perception of inappropriateness."

[12] Based on Defendants' motion, Mr. Wonser is preparing an amended complaint to clarify the nature of the continuing violation.

**IV.    Because Defendants have offered no evidence of an undue burden, the Court should not stay discovery.**

The party seeking a stay bears the burden of producing evidence that discovery would impose an undue burden. *Huber v. Miami Valley Hosp., Inc.*, 2023 WL 21816, at *2 (S.D. Ohio Jan. 3, 2023) (denying stay because "there is no evidence before the Court that a stay will … reduce the burden for both the Court and the parties."). "[C]onclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *3 (S.D. Ohio May 20, 2019).

Here, Defendants insist the Court must stay discovery to spare them from responding to "profoundly burdensome" requests, but they offer no *evidence* that responding would actually be burdensome.

Instead, they *argue* that discovery poses burdens, but even their conclusory arguments tend to mischaracterize the burdens associated with compliance. They portray themselves as seeking relief from responding to "366 requests," but they do not disclose that the three defendants were served identical sets of 122 demands.[13] So if a single defendant responds to discovery, there is effectively *no* burden associated with responding to the remaining two-thirds.

And even those 122 demands each are no longer 122 demands. As they noted, they have already responded to all their requests for admission, addressing the vast majority of discovery requested. Their motion to stay is therefore directed only at a "profoundly burdensome" 30 requests for inspection and 21 interrogatories.

---

[13] Compare ECF #14-1, 14-2, 14-3.

But they offer no evidence to demonstrate that the specific requests they highlight would actually impose any meaningful burden:

- They complain that they were asked to identify the people involved in screening vanity plates, but they offer no evidence that doing so would be unduly burdensome. Indeed, it appears they may have largely complied already with that request already through their initial disclosures.[14]

- They complain that a request seeks e-mails going back to 2002, but they offer no evidence that doing so would be burdensome. On the contrary, Mr. Wonser's counsel expects, based on his previous dealings with Defendants, that they will instead report that they retain e-mails for less than three years.[15]

- They complain about a request for a list of "license plates registered in Ohio," but they offer no evidence that producing it would be burdensome. Again, Mr. Wonser's counsel expects, based on previous dealings with Defendants, that this information is maintained in a single database table that can be exported in a matter of minutes.

- They complain that another request seeks "documents reflecting Defendants' interpretations of the Special License Plate Screening Guidelines," but they offer no evidence that producing these documents would be burdensome.

Even if Mr. Wonser's Rule 34 requests were burdensome, a stay would not relieve that burden, as Mr. Wonser requested access to the same records under both Rule 34 and Ohio Rev. Code § 149.43.[16] Defendants will therefore be required to produce virtually all the same records, even if the Court grants the stay.

In the end, then, Defendants are seeking a stay that would only spare them from a "profoundly burdensome" 21 interrogatories, but their undue-burden argument boils down to two complaints: Mr. Wonser's discovery demands "seek materials beyond the scope of Plaintiff's claims" and are "more broad" than they need to be."[17] In other words, they believe Mr. Wonser

---

[14] ECF #18-4.

[15] Defendants seem to concede as much, saying the records "may have been moved or destroyed since 2022 in the course of Defendants' ordinary recordkeeping procedures." Mot. to Stay Discovery, 4.

[16] ECF #14-1, 3 ("If you object that Plaintiff is not entitled to any of the requested records under Fed. R. Civ. P. 26, please produce them as required under the Ohio Public Records Act.").

[17] Mot. to Stay Discovery, ECF #14, 3.

is seeking information that is not relevant or not proportional to the needs of the case—garden-variety objections that every other litigant resolves by responding to discovery, meeting and conferring, and filing a motion for a protective order if necessary.

Defendants offer no explanation or evidence for why they cannot do the same here. Because Defendants offered conclusions—rather than evidence—that discovery would pose an undue burden, the Court should not stay discovery.

**V.      Because discovery would not vitiate Defendants' immunity defenses, the Court should not stay discovery.**

Defendants raise an argument separate from the normal four-part test for staying discovery, arguing that their immunity defenses would be vitiated without a stay. But even if the Court accepted their immunity arguments, they would still be required to proceed to discovery, as they are only invoking immunity defenses with respect to the state-law claim. The Court should therefore not stay discovery in deference to their immunity defense.

#### CONCLUSION

There are four factors to consider before granting a stay of discovery, and Defendants have not provided evidence that a single one of them works in their favor. Their motion to stay discovery comes too late, as it would prejudice Mr. Wonser in seeking a permanent injunction, and it would neither simplify the issues nor spare them any undue burden.

"[T]he fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay." *Bowens v. Columbus Metro. Libr. Bd. of Trustees*, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010). This case shows why. The Court should deny the motion to stay discovery.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Jeffrey Wonser*

## CERTIFICATE OF SERVICE

I certify that on November 1, 2024, this document was served on opposing counsel as

provided by Fed. R. Civ. P. 5(b)(1).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Jeffrey Wonser*