**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Defendants. | : | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR STAY OF DISCOVERY

**I.    Plaintiff cites no law supporting the proposition that a stay of discovery is improper after discovery demands have been sent or with a pending preliminary injunction.**

Plaintiff offers no caselaw supporting the notion that a stay is inappropriate because Defendants "waited until discovery was already underway" or because the Court "was considering a motion for preliminary injunction." (Memo Contra, Doc. 18, PageID 2321).

If a pending motion for preliminary injunction in and of itself made a stay improper, parties could simply dodge a stay by moving for a preliminary injunction. The fact that Plaintiff "undertook the time and expense of preparing discovery demands," or that the parties negotiated a protective order, has no bearing either, because a stay does not mean that these efforts are wasted – after all, Defendants are not seeking to avoid responding entirely to Plaintiffs' requests, only to do so once this Court has clarified the issues remaining (if any) by ruling on Defendants' pending motion for judgment on the pleadings. It is *Defendants* who are seeking to avoid wasting resources on responding to discovery requests which hinge on matters that may well be resolved in a ruling on Defendants' motion for judgment on the pleadings.

The fact that Defendants "waited until discovery was already underway" is irrelevant. A stay of discovery is unnecessary until there is discovery to stay. Defendants became aware that a stay would be necessary when they became aware of the breadth of Plaintiff's discovery requests – namely, when the discovery requests were served upon them.

## II.     A stay would not prejudice Plaintiff because he has already waited over two years to file this case, and the issues he claims discovery is necessary to resolve turn on questions of law, not of fact, so a stay would have no effect.

Additionally, Plaintiff claims that denying the stay is necessary because it prevents him from effectively arguing for a motion for preliminary injunction. This argument is odd because Plaintiff's motion for preliminary injunction has already been fully briefed and is now before the Court for a ruling. Either Plaintiff *was* able to adequately make his case in his memorandum and reply, in which case there is no need to deny a stay now on those grounds, or he was not, in which case his current arguments are inadequate by his own admission and his motion for preliminary injunction should be denied. In either case, there is no basis for this Court to deny a stay for the sake of allowing Plaintiff to develop his arguments in support of a motion which has already been fully briefed. And Plaintiff cites no law in support of this notion. Defendants are aware of none.

Plaintiff claims that completing discovery is necessary to conduct a First-Amendment forum analysis of the alphanumeric messages on custom license plates. This is not the case – the question of whether a plaintiff's speech is protected under the First Amendment is a question of law. *Brown v. City of Cincinnati*, No. 1:18-cv-412, 2020 U.S. Dist. LEXIS 124627, at *34 (July 15, 2020 S.D. Ohio); *see also McGlone v. Bell*, 681 F.3d 718, 732 (6th Cir. 2012) (where no facts are in dispute, the nature of a forum "is purely a question of law."). Here, there is no dispute as

to what Plaintiff attempted to say, where he attempted to say it, or whether Defendants permitted him to.

All parties agree that Plaintiff tried to have "F46 LGB" put on a custom license plate and was denied by Defendants based on the Guidelines as it was determined that the custom license plate Plaintiff applied for was inappropriate. (Memo Contra, Doc. 18, PageID 2320 (citing Complaint, ¶¶ 110-113)). Plaintiff alleges that "what interests Defendants think they're advancing" is a remaining factual dispute which must be resolved to answer this question, and that he needs to know "whatever arguments they may present" – but these are neither factual disputes, nor must they be resolved, before this Court can rule on whether Wonser's license plate application is protected under the First Amendment. *Id.* at PageID 2322.

III.    **The Court's ruling on Defendants' pending Motion for Judgment on the Pleadings is likely to narrow the pending issues, if not dismiss the case outright.  Either outcome makes discovery easier for both parties.**

Because Defendants have moved for judgment on the pleadings as to all claims by Plaintiff, Defendants' position is that a ruling on their motion for judgment on the pleadings would not merely simplify the issues in this case, but result in the case being dismissed with prejudice. *See* Motion for Judgment on the Pleadings ("MJOP"), Doc. 9. Of course, if this occurs, then *all* discovery issued to *all* Defendants is superfluous, and a stay is wholly warranted.[1]

---

[1] Plaintiff claims that Defendants' motion for judgment on the pleadings is entirely moot because he has filed an amended complaint. (Memo Contra, Doc. 18, PageID 2323). This is not the case, as Plaintiff has not received permission from Defendants or leave from this Court to refile his Complaint as required by Fed. R. Civ. P. 15(a)(2); *see also Hunter v. Shield*, 2019-Ohio-1422, ¶17 (10th Dist.) (amended complaint filed without leave "is without legal effect."). Defendants will address this issue more fully when they file their Memorandum in Opposition to Plaintiff's Motion for Leave (Doc. 21).

While Defendants believe case dismissal is the appropriate result from their MJOP, even a partial ruling on Defendants' motion simplifies the issues in this case. This Court's MJOP decision is likely to address the proper forum, defendants' immunity and capacity claims, and the statute of limitations issue. Thus, while Defendants believe the case should be dismissed, the Court's ruling on the MJOP, even if it does not result in a complete dismissal, will narrow the remaining issues in this case and allow both parties to conserve substantial resources as discovery progresses.

Plaintiff raises three bullet points in his Memorandum in Opposition to Motion to Stay which purportedly establish that Defendants will be unable to secure judgment on the pleadings, even if they refile in response to the Amended Complaint. (Memo Contra, Doc. 18, PageID 2323). Defendants simply note that none of these points were raised in Plaintiff's actual memorandum in opposition to Defendants' MJOP. (Memo Contra MJOP, Doc. 24). There is no need to argue issues that may hypothetically be raised in a future motion or memorandum filed by the parties.

## IV. Plaintiff's requests – even those outside the permissible scope of discovery – impose an undue burden on Defendants.

Of Plaintiff's 366 requests, Defendants have responded to 213 requests for admissions, leaving thirty requests for production and twenty-one interrogatories per defendant, for a total of 153 requests. (Motion for Stay, Doc. 14, PageID 244-245). Because each Defendant received the same requests, Plaintiff characterizes this as actually 51 requests, claiming, "if a single defendant responds to discovery, there is effectively *no* burden associated with responding to the remaining two-thirds." (Memo Contra, Doc. 18, PageID 2324). This is news to Defendants. Plaintiff has not previously communicated any willingness to accept discovery responses from only one Defendant. Each Defendant has been accused of criminal acts in Plaintiff's Complaint, and

Defendants Wilson and Norman are being sued in their official capacities as heads of different state agencies. (Complaint, ¶¶ 148-52, PageID 17). Each Defendant possesses different documents, some of which may be responsive to Plaintiff's requests, others of which may not. Each Defendant has different personal knowledge. Each Defendant may raise different objections, because each Defendant is simply a different person.

Simply stated, Plaintiff would not have propounded 122 separate requests on each named defendant if he actually believed that Defendants were served "identical sets of 122 demands" for which there was no distinction and "no burden."  (Memo Contra, Doc. 18, PageID # 2324). Plaintiff either believed the responses would be substantively different or he felt there was some unknown tactical advantage to issuing 122 separate requests to each named defendant. Regardless of the reason, Plaintiff made that decision and cannot now attempt to minimize his prior choice.

And many objections likely will be necessary, because not only do those 153 requests range well beyond the pertinent facts of this case, they impose astounding and unnecessary burdens. Plaintiff apparently disagrees, noting (for instance) that Defendants "offer no evidence" that providing emails dating back from the present date to 2002 would be burdensome. (Memo Contra, Doc. 18, PageID # 2324).

A request for *twenty-two years of emails from multiple governmental departments* containing any of twelve alphanumeric strings is burdensome on its face. No public entity has the ability to conduct a records sweep of this magnitude without encountering substantial administrative burdens. And this request was issued to both Defendants Norman and Defendant Wilson, meaning a search of the Bureau of Motor Vehicles' emails and of the Department of Public Safety's emails would be necessary. Those records would then need to be reviewed for

privileged or confidential information, and designated or redacted accordingly, before being produced. And this process is just for *one request*.

Plaintiff's other requests – for "every person involved" in vanity plate requests since 2019, for "all words, combinations and/or phrases" that violate each Guideline, for "records of every Ohio State Highway Patrol investigation of violations of Ohio Rev. Code § 2907.32 from January 1, 2018, forward," and so on – requests massive amounts of detailed information from broad time ranges. The burden Plaintiff's requests impose is clear from a cursory review of the request itself. (Motion for Stay, Doc. 14, Exhibits A, B, C). And this cannot be mitigated merely by pointing out that valid objections exist to these – even the process of researching and preparing objections to each request, where appropriate (and handling any disputes or motions to compel which arise in response) imposes an unwarranted burden on Defendants.

**V.     Denying a stay on discovery would vitiate Defendants' immunity *and* statute-of-limitations defenses, which pertain to both the state and federal claims pled, as noted in Defendants' original Motion.**

In Plaintiff's Memorandum in Opposition to Motion for Stay, he does not appear to dispute Defendants' argument that denying a stay would vitiate Defendants' immunity defenses as to Plaintiff's individual-capacity and state-law claims. He does not even address Defendants' arguments on the same grounds as to the statute-of-limitations defenses they have pled. Denying a stay would thwart the purpose of statutes of limitations, which exist to protect parties from years-old litigation.

**VI.    Conclusion**

For the foregoing reasons, Defendants respectfully request that this Court grant a stay on discovery pending the resolution of Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

*/s/ Donald C. Brey*

Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On November 15, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

*/s/ Donald C. Brey*

Donald C. Brey (0021965)

4868-0030-0026.2