IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| v. | : | Judge Sarah D. Morrison |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Defendants. | : | |

**DEFENDANTS' MEMO CONTRA MOTION FOR LEAVE TO
FILE AMENDED COMPLAINT**

Defendants oppose Plaintiff's Motion for Leave Instanter to File an Amended and Supplemental Complaint (Doc. 21)[1] for the following reasons:

A. The amendment would impose undue prejudice and delay on Defendants. Over six months have passed since Plaintiff's initial Complaint was filed. A new complaint would effectively restart the case.

B. The amendment has been filed for dilatory purposes. Plaintiff's new Complaint is filed for the purpose of circumventing Defendants' Motion for Judgment on the Pleadings in lieu of preparing a substantive response and wasting Defendants' – and this Court's – resources.

C. The amendment is futile. The "new allegations" Plaintiff sets forth – recounting his latest visit to the BMV's website – do not pertain to the material issues in this case or set forth any new entitlement to relief. Plaintiff's new Equal Protection claim would not withstand a motion to dismiss.

---

[1] Defendants note that Plaintiff appears to have waived the opportunity to file a memorandum in support of the motion for leave to amend ordinarily required by Loc. R. 7.2(a)(1).

1

I.      STATEMENT OF FACTS

Plaintiff's two-page Motion for Leave Instanter to File an Amended and Supplemental Complaint states three reasons for granting leave to file his Amended Complaint.

First, he states that supplemental additions are "necessary to reflect Defendants' ongoing – and blatant – violations of the First Amendment, including their rejection of his most recent vanity-plate application on November 1, 2024." Motion for Leave (Doc. 21), PageID # 2400. This appears to refer to ¶¶200-202 of the Amended Complaint (Doc. 20, PageID # 2390), which allege that he attempted to register a plate reading "LGB F46" and received an "invalid" response from Defendants' website for the query on November 1, 2024. He apparently also expects the BMV to deny a request for "PU5HIT", on the grounds that the request contains the word "shit," though he does not allege that any denial has yet occurred. *Id.*, ¶¶203-206.

Second, he states that additions are necessary to "clarify that he is seeking relief on an Equal Protection theory[.]" Motion for Leave (Doc. 21), PageID # 2400. His Motion does not state why an Equal Protection claim was omitted in the initial Complaint. In his Amended Complaint, he appears to allege that Defendants are discriminating against "people who have attempted to register license plates with strings of characters that do not necessarily violate the Special Screening Guidelines but could be interpreted as having a meaning that would." Amended Complaint (Doc. 20), PageID # 2394.

Finally, Plaintiff claims that the Amended Complaint is necessary to "provide additional details bearing on arguments raised in Defendants' motion for judgment on the pleadings[.]" Plaintiff's Motion does not state what these "details" are, or why they could not have been raised in a memorandum in opposition to Defendants' Motion for Judgment on the Pleadings. Nor is the answer to this apparent from a review of Plaintiff's Amended Complaint.

## II.   STANDARD OF REVIEW

Whether to grant a motion for leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a)(2) is left to this Court's discretion, provided leave is freely given "when justice so requires." A motion to amend a complaint "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

## III.   LAW AND ARGUMENT

### a.  The amendment would impose undue prejudice and delay on Defendants.

Plaintiff has had since March of 2022 to prepare his complaint and file it as he sees fit. In the six months that have passed since Plaintiff's complaint was filed in May 2024, over two dozen pleadings and other papers have been filed, including Defendants' answer, Plaintiff's motion for preliminary injunction, Defendants' motion for a stay of discovery, and of course, Defendants' motion for judgment on the pleadings as to all claims, which is now fully briefed (*See* Docs. 9, 23, 24, 27).

Amending the complaint instantaneously moots Defendants' pending motion for judgment on the pleadings and forces Defendants to start over with a new answer and responsive pleadings. Defendants' pending Motion for Stay, the Parties' Protective Order, and Plaintiff's pending Motion for Preliminary Injunction are similarly predicated on the existing Complaint, and may become moot or require revisions as well. Plaintiff may also take this as an opportunity to issue new discovery requests.

There is a reason why amendments to a complaint are ordinarily permitted as a matter of course within the first twenty-one days after service of a response, as opposed to the first six months. Defendants have approached this case and invested considerable resources based on the

assumption that the Complaint represents Plaintiff's statement of the claims he is alleging. If this is not the case, their resources were wasted. At a minimum, Defendants will be required to redraft their Motion for Judgment on the Pleadings, redraft their Reply, and assess whether a rewrite of any other pending motions is necessary if the complaint is amended. Complaints should be amended to fix errors or to prevent miscarriages of justice by allowing overlooked claims to be considered – they should not be (and are not) permitted to allow a plaintiff to evade Rule 12 motions by making minor, perfunctory changes.

  **b. Plaintiff's motion for leave to amend has been filed for dilatory purposes.**

  The timing of Plaintiff's new Complaint supports the conclusion that it was filed not to capture some recent factual development or to fill in a missing piece in Plaintiff's theory of the case, but rather to buy time for a response to Defendants' Motion for Judgment on the Pleadings. Plaintiff's appeal was denied on March 24, 2022.

  It is implausible that, in the two and a half years since, including half a year of litigation, Plaintiff merely happened to realize that a claim under the Equal Protection clause applied right after Defendants moved for judgment on the pleadings. The factual additions Plaintiff seeks to add are similarly insubstantial – he visited Defendants' website and entered in one or more additional license plates which could not be submitted to the BMV. Amended Complaint (Doc. 20), PageID #2390, ¶¶200-206. These are not material additions.

  Rather, it appears that the amendments Plaintiff is requesting are strategically inserted, intended to moot the pending Motion for Judgment on the Pleadings so no substantive response is necessary. In theory, if this is permitted Plaintiff could do this again in the future to moot a second dispositive motion, by revisiting Defendants' website, typing in a new alphanumeric combination, and adding that to his Complaint as "supplemental evidence" of Defendants'

4

"blatant" and "ongoing" violations. This would set a precedent permitting similar conduct in future cases. He could also keep adding new claims alleging (for instance) that Defendants violate the Establishment Clause, or dormant commerce. These, too, would be futile amendments filed for dilatory purposes, and they would prejudice Defendants. But no matter how many times Plaintiff does this, the legal arguments raised in Defendants' Motion for Judgment on the Pleadings will apply with equal force. His application was denied outside the statute of limitations, and the legal considerations applicable to the question of whether custom license plates are government speech – among the other matters raised in Defendants' Motion for Judgment on the Pleadings – will be the same now as it will in another six months.

If Plaintiff is permitted to do this, Defendants will move for judgment on the pleadings as many times as they have to – but hopefully it is only necessary to do so once.

    c.  **Plaintiff's proposed amendments are futile.**

An amendment is futile "when, after including the proposed changes, the complaint still could not withstand a Rule 12(b)(6) motion to dismiss." *Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024). It must "include 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Plaintiff's current un-amended Complaint already alleges that he later visited Defendants' website and was unable to reenter his invalid license plate. The fact that he did so again on November 4, 2024, with a different alphanumeric combination, has no material effect on the legal issues in this case. It does not "undo" the statute of limitations or "refresh" Plaintiff's claim, because Plaintiff's claim accrued when he *first* became aware of Defendants' ostensibly tortious conduct, when his application was denied in March 2022. *See* Motion for Judgment on

5

the Pleadings (Doc. 9), PageID ## 64-65 (citing *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996)). It does not change the forum analysis applicable to alphanumeric plates. It does not affect Defendants' arguments as to immunity or laches. Taken as true, it does not establish that Defendants personally committed criminal conduct. It does not establish that the Guidelines encourage arbitrary and discriminatory enforcement. It remedies no defect in Plaintiff's original Complaint.

Plaintiff's addition of a claim under the Equal Protection Clause – predicated on the theory that Defendants discriminate against "people who have attempted to register license plates with strings of characters that do not necessarily violate the Special Screening Guidelines, but could be interpreted as having a meaning that would" – is similarly futile. Amended Complaint (Doc. 20), PageID # 2394, ¶¶240-42. Plaintiff alleges that Defendants discriminate against this class of people, and against the class of people "who Defendants perceive as criticizing President Biden" when applying for license plates that say "F46." *Id.*, ¶¶243-47. Plaintiff's Amended Complaint finally alleges that this "discrimination" burdens his fundamental rights and lacks a rational basis – two purely legal conclusions. *Id.*

On its face, this does not establish a claim under the Equal Protection Clause. "To state an equal protection claim, a plaintiff must adequately plead that the government [treats certain people] disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Raymond v. O'Connor*, 526 Fed. Appx. 526, 530 (6th Cir. 2013). Plaintiff is alleging that the Guidelines discriminate against people who wish to violate the Guidelines and against people who wish to have license plates stating, "Fuck 46." At the outset, there are no actual disparately treated classes of people here. No one is permitted to have a license plate containing profanity, whether

6

they use it to criticize Joe Biden or any other person. Plaintiff can point to no similarly situated people who are permitted to have license plates that he is not allowed to have. Anyone who requests a license plate stating "F46 LGB" on the BMV's website will be denied. Complaint (Doc. 1), ¶113. This is simply the wrong legal theory with which to pursue Plaintiff's claims. With no disparate treatment, Plaintiff's claim fails on its face. "The threshold element of an equal protection claim is disparate treatment[.]" *Scarbrough v. Morgan Cnty Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Plaintiff's claim here is additionally futile because it does not specify which fundamental rights are burdened by his inability to have a license plate containing profanity. And there is a plain rational basis for declining to issue license plates with profanity, or license plates that violate other provisions of the Guidelines. Profanity in public spaces – including on roads – violates public policy. The rational basis for barring license plates that "are obscene," "are sexually explicit," "are scatological," "are so offensive that they could reasonably be expected to provoke a violent response from viewers without additional comment," "advocate immediate lawlessness," and "advocate lawless activities" is similarly obvious.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave Instanter to File an Amended and Supplemental Complaint.

Respectfully submitted,

*/s/ Donald C. Brey*
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com

rspitzer@isaacwiles.com  
gwhaley@isaacwiles.com  
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

On November 27, 2024, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

*/s/ Donald C. Brey*  
Donald C. Brey (0021965)

4917-5800-9344.1