IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEFFREY WONSER,**<br>　　　　　　　*Plaintiff,*<br>v.<br>**CHARLES L. NORMAN,** *et al.*,<br>　　　　　　　*Defendants.* | Case No.: 2:24-cv-02160<br><br>Judge Sarah D. Morrison<br><br>Magistrate Judge Elizabeth A. Preston Deavers |
| **REPLY IN SUPPORT OF JEFFREY WONSER'S MOTION FOR LEAVE INSTANTER TO FILE AN AMENDED AND SUPPLEMENTAL COMPLAINT** ||

　　　　Plaintiff Jeffrey Wonser respectfully submits this reply in support of his motion for leave to file his first Amended and Supplemental Complaint, ECF #20. As laid out below, Defendants have failed to bear any part of their burden of justifying a departure from the Sixth Circuit's mandate of "liberality in allowing amendments to a complaint." *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015).

**ISSUES PRESENTED**

1.　　A court may deny a motion for leave to amend a complaint if the nonmoving party proves the amendment would result in undue delay or unfair prejudice. Defendants argue that Mr. Wonser's motion would result in the same kinds of delay and prejudice that accompany any motion for leave to amend, which the Sixth Circuit requires to be freely given. Does run-of-the-mill inconvenience constitute unfair prejudice?

2.　　A court may deny a motion for leave to amend a complaint if the nonmoving party proves the amendment is offered with a dilatory motive. Defendants have cooked up a scenario in which Mr. Wonser's motion is the first step in a secret plot to trap the Court in an infinite loop of amendments and Rule 12 motions. Are unfounded conspiracy theories also proof of a dilatory motive?

3.　　A court may deny a motion for leave to amend a complaint if the nonmoving party proves the amendment would be futile in its entirety. Defendants argue that Mr. Wonser's amendment would be futile because they dispute some of its allegations. Can the Court reject amended complaints because defendants say they aren't true?

**LEGAL STANDARD**

As Defendants concede, leave to amend should be "freely given."[1] Although it may be proper to deny leave when it results in unfair delay or prejudice, is sought for dilatory purposes, or would be futile, the nonmoving party bears the burden of proving that any of these allegations truly justifies a departure from the standard practice of freely permitting amendments. *See*, *e.g.*, *Cleveland Commc'ns, Inc. v. Lorain Cnty. Bd. of Commissioners*, 2024 WL 3878308, at *2 (N.D. Ohio Aug. 20, 2024) ("The party opposing a motion to amend the pleadings bears the burden of establishing that the proposed amendments would be futile."); *In re Laurel Valley Oil Co.*, 2009 WL 1758741, at *5 (N.D. Ohio June 16, 2009) ("[T]he nonmoving party bears the burden of showing that it would be prejudiced by permitting an amendment.").

**LAW & ARGUMENT**

**I.  Because Defendants failed to satisfy their burden of proving either undue delay or unfair prejudice, the Court should grant the motion for leave to amend.**

Even when there has been some delay in amending the Complaint, "delay itself is not a valid reason for denying leave to amend where little prejudice is shown." *Grant v. Target Corp.*, 281 F.R.D. 299, 304 (S.D. Ohio 2012).

For example, in *Morse v. McWhorter*, 290 F.3d 795, 800–01 (6th Cir. 2002), class counsel in a securities class action waited until after the district court adopted a report and recommendation to dismiss an amended complaint before filing a second amended complaint to address the deficiencies the magistrate judge had identified. The district court rejected the amendment and dismissed the case with prejudice, finding that the delay was a dilatory tactic meant to offload class counsel's responsibility for crafting an actionable complaint onto the court. But the Sixth Circuit reversed, holding that the delay in amending under those

---

[1] Norman Opp. to Mot. for Leave to Amend, 3.

circumstances was not "undue," as it neither violated any rule nor established any of the factors that might justify rejecting an amended complaint.

The Sixth Circuit likewise held that the case presented none of the factors supporting a finding of undue prejudice: the defendants had notice that a second amended complaint might be filed, discovery was stayed and wouldn't need to be re-opened, and the amendments would not require the defendants to substantially revise their strategy because the claims remained essentially the same: "We recognize Columbia will be inconvenienced by another round of motion practice, but given the magistrate's recommendation and the competing interest of the proposed class, such inconvenience does not rise to the level of prejudice that would warrant denial of leave to amend."

As laid out below, the same conclusions hold here, only with greater force.

### A. The Amended and Supplemental Complaint would not cause any undue delay.

Although Defendants argue that the relevant question when opposing a motion for leave to amend is whether the amendment "results in undue delay,"[2] they seem to argue not that Mr. Wonser's Amended and Supplemental Complaint would *result in* an undue delay, but rather that it is the *result of* undue delay, given "the six months that have passed since Plaintiff's complaint was filed in May 2024."[3]

But under *Morse*, there is no undue delay either way. There, there was no undue delay even though the plaintiffs filed an amended complaint *after* a final, appealable order, and after more than three years of litigation and motion practice, and as part of an apparent strategic gambit that raised the prospect of tacking years onto the case. Here, there has been no

---

[2] Norman Opp. to Mot. for Leave to Amend, 3.
[3] Norman Opp. to Mot. for Leave to Amend, 3.

adjudication of any disputed issues in this case, there has been no finding of gamesmanship, and Mr. Wonser's amendment comes only six months after filing his complaint—and most of those six months are properly charged to Defendants themselves, who waited two months to answer the Complaint and then sat on their Rule 12 motion for another three months more. Without their dilly-dallying, Mr. Wonser could have likewise amended his Complaint months earlier.

### B. The Amended and Supplemental Complaint would not cause any unfair prejudice.

In *Morse*, there was no unfair prejudice because the plaintiffs had put the defendants on notice that an amendment was in the offing. The same is true here; as noted in the Motion for Leave to Amend and Supplement, counsel for Mr. Wonser alerted defense counsel to the need for an amendment when he sought their consent to file the amendment. Although they never responded to grant their consent, they were nonetheless on notice that it was forthcoming.

In *Morse*, there was no unfair prejudice because discovery had been stayed and therefore did not need to be duplicated. Here, Defendants have moved to stay discovery and have apparently unilaterally granted their own motion, refusing to respond to any of Mr. Wonser's interrogatory responses or requests for inspection. They would therefore not be required to duplicate their discovery in light of the Amended and Supplemental Complaint.

In *Morse*, there was no unfair prejudice because the amendment would not have required the defendants to substantially revise their litigation strategy. Here, Defendants perplexingly oppose the Amended and Supplemental Complaint despite conceding that it changes virtually nothing about the case, characterizing the amendments as "insubstantial" and "not material."[4]

---

[4] Norman Opp. to Mot. for Leave to Amend, 4.

In *Morse*, there was no unfair prejudice because "another round of motion practice" is not a proper basis for overriding a plaintiff's interest in an adjudication on the merits. Here, Defendants fret that their motion to stay discovery, the Court's October 15 protective order, and the motion for preliminary injunction "*may* become moot or require revisions,"[5] but they identify no grounds for believe that they would *actually* become moot or require revisions. While their Rule 12 motion would, of course, be mooted, Defendants admit that they would suffer virtually no burden in refiling it, as "the legal arguments raised in Defendants' Motion for Judgment on the Pleadings will apply with equal force" to the Amended and Supplemental Complaint.[6] Indeed, they suggest that they would not be unfairly prejudiced by more amendments down the road, as their Rule 12 argument is going to be "the same now as it will in another six months."[7]

Defendants offer two other arguments in support of a finding of unfair prejudice, but neither withstands scrutiny:

1. **First,** they say the Amended and Supplemental Complaint would unfairly prejudice them because it would require them to "start over with a new answer."[8] But the same is true in literally every other case with an amended complaint. Why it is unfair for them to play by the same rules as the rest of the world, Defendants never say.

2. **Second,** they say that if the court permits an Amended and Supplemental Complaint, Mr. Wonser may "issue new discovery requests."[9] How this constitutes unfair prejudice when they are already refusing to respond to discovery is unclear. And even if they were not ignoring their discovery obligations, discovery remains open into April 2025, so Mr. Wonser is free to issue new discovery with or without an amendment.

---

[5] Norman Opp. to Mot. for Leave to Amend, 3.
[6] Norman Opp. to Mot. for Leave to Amend, 5.
[7] Norman Opp. to Mot. for Leave to Amend, 5.
[8] Norman Opp. to Mot. for Leave to Amend, 3.
[9] Norman Opp. to Mot. for Leave to Amend, 3.

In the end, Defendants have merely fallen victim to the same error as their counterparts in *Morse*—assuming that because they have been "inconvenienced by another round of motion practice," they must necessarily be victims of unfair prejudice. In reality, they are facing no greater burden than any other litigant. Because Defendants failed to satisfy their burden of proving that it would result in undue delay or unfair prejudice, the Court should grant Mr. Wonser's motion for leave to file his Amended and Supplemental Complaint.

## II. Because Defendants failed to satisfy their burden of proving dilatory motive, the Court should grant the motion for leave to amend.

A litigant evidences a dilatory motive when his conduct demonstrates "a stubborn effort to delay trial." *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 592 (6th Cir. 2001). Courts in the Sixth Circuit typically do not find a dilatory motive in the absence of very clear-cut cases, such as a request to amend an answer "on the eve of trial and over two years after the initial complaint was filed," *Custard Hut Franchise LLC v. H&J Jawad LLC*, 697 F. Supp. 3d 723, 729 (E.D. Mich. 2023), or "failure to appear [for hearings] on repeated occasions," *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986).

Here, Defendants can point to no such conduct, nor can they point to any actual evidence of dilatory motive. They do, however, attempt a bit of clairvoyance, purporting to divine Mr. Wonser's "strategic" plan to amend and supplement his complaint into infinity by forcing them to file a second Rule 12 motion, which would lead to another Amended and Supplemental Complaint, which would lead to another Rule 12 motion, which would lead to another Amended and Supplemental Complaint, and so on and so on, "no matter how many times" Defendants seek relief under Rule 12.[10]

---

[10] Norman Opp. to Mot. for Leave to Amend, 5.

Page 6 of 11

It is an interesting conspiracy theory, but Mr. Wonser submits that it underestimates the Court's ability both to maintain control of its docket and to distinguish obvious delay tactics from mundane motion practice. In any event, Defendants' theory is supported by nothing other than their own speculation that Mr. Wonser's motion was intended to "buy time" to oppose their Rule 12 motion. But that is obviously not the case, as Mr. Wonser's reply in support of his motion for a preliminary injunction (ECF #23) had already laid out the vast majority of arguments for opposing the Rule 12 motion, and he had already filed it several days before the November 15 deadline for opposing Defendants' Rule 12 motion.

If there is any dilatory conduct here, it belongs to Defendants. Given their position that the Amended and Supplemental Complaint makes only "minor, perfunctory changes"[11] with "no material effect on the legal issues in this case,"[12] their refusal to consent to the amendment in early November is at odds with their newfound passion for expediting the case, as their consent would have allowed them to simply answer and refile their Rule 12 motion with whatever "minor, perfunctory changes" were necessary, keeping the case on track for a timely resolution.[13]

Because Defendants have failed to satisfy their burden of proving a dilatory motive, the Court should grant Mr. Wonser's motion for leave to file his Amended and Supplemental Complaint.

### III. Because Defendants failed to satisfy their burden of proving futility, the Court should grant the motion for leave to amend.

In opposing a motion for leave to amend, a defendant bears the burden of proving "that the proposed amendments would be futile in their entirety." *Cleveland Commc'ns, Inc.*, at *3.

---

[11] Norman Opp. to Mot. for Leave to Amend, 4.
[12] Norman Opp. to Mot. for Leave to Amend, 5.
[13] Mr. Wonser declines to offer speculation on potential motives for Defendants' preference for additional motion practice.

The trial court should not "consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous." *Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002).

For instance, in *Cleveland Communications*, the plaintiff responded to a motion to dismiss by seeking leave to amend its complaint to add additional "factual allegations to demonstrate the sufficiency of its claims" relating to equal-protection and First Amendment violations. The defendants opposed the amendments as futile because the plaintiffs had failed to adequately allege "the existence of similarly situated individuals." The court permitted the amendments nonetheless, noting that the defendants' opposition had failed to "particularly address the large number of amended or new factual allegations" and failed to demonstrate that the new claims were frivolous:

> Although it is unclear based on the various submissions before the Court whether Plaintiff has stated viable claims for relief against Defendants, the Court finds that Defendants have not met their burden of establishing that the proposed amendments would be futile in their entirety.[14]

And even if the Defendants had made that showing, the court concluded that rejecting the amendments would be a misuse of its discretion, as it would have a better opportunity to address the merits of those claims on the Rule 12 motion that would inevitably follow:

> The parties' arguments for and against dismissal … are crisscrossed and interspersed throughout the parties' opposition and reply briefs addressing Defendants' motion to dismiss, Plaintiff's Motion to Amend, and Plaintiff's Supplement. Under these circumstances, whether the proposed amendments are futile and whether Plaintiff's claims are subject to dismissal under Rule 12(b)(6) would be best handled in a single motion to dismiss, where the arguments are cleanly and plainly presented before the Court.[15]

---

[14] *Cleveland Communications*, at *3.
[15] *Cleveland Communications*, at *3.

All the same is true here. Defendants have failed to "particularly address" the vast majority of the new factual allegations in Mr. Wonser's Amended and Supplemental Complaint to demonstrate that they fail to add any support to his claims. Of the roughly 100 new allegations in the Amended and Supplemental Complaint, they address only a handful, making it impossible to conclude that the amendments "would be futile in their entirety."

Nor do Defendants allege—let alone demonstrate—that the Amended and Supplemental Complaint would be frivolous. They argue that Mr. Wonser cannot bring a claim for a First Amendment violation that occurred less than a week ago because he could have brought a claim for a similar violation that occurred more than two years ago, but they offer no authority whatsoever in support of that proposition.

Their arguments against the new equal-protection claim are equally futile:

1. They argue the claim must fail because "there are no actual disparately treated classes of people here."[16] But the Court cannot accept that argument on what is effectively a Rule 12 motion, where it must accept as true Mr. Wonser's allegations that "Mr. Wonser is one among many people who have attempted to register license plates that say 'F46,'" and that the disposition of those applications depends on whether "they come from people who Defendants perceive as criticizing President Biden."[17]

2. They argue the amendment fails to "specify which fundamental rights are burdened."[18] Defendants' inability to identify any fundamental rights burdened by viewpoint discrimination may explain their behavior, but it does not prove the equal-protection claim is futile. Indeed, they concede Mr. Wonser does not need to plead that his fundamental rights were burdened, because he can instead allege their conduct "targets a suspect class,"[19] which he has done through his allegations of discrimination based on political affiliation, as laid out above.

---

[16] Norman Opp. to Mot. for Leave to Amend, 6–7.
[17] Am. And Supp. Compl., ¶¶ 238–240.
[18] Norman Opp. to Mot. for Leave to Amend, 7.
[19] Norman Opp. to Mot. for Leave to Amend, 6.

3. Finally, they argue that there is "a plain rational basis" for their regulations, but again, they have already conceded that Mr. Wonser is not required to plead or prove the absence of a rational basis if he instead alleges that they are targeting a suspect class.

Because Defendants have failed to satisfy their burden of proving that the Amended and Supplemental Complaint would be "futile in its entirety," the Court should grant Mr. Wonser's motion for leave to file his Amended and Supplemental Complaint.

## Conclusion

Because leave to amend is meant to be freely given, courts in the Sixth Circuit requiring the opposing party to bear the burden of proving that it should not. Here, Defendants have failed to bear their burden of proving that Mr. Wonser's Amended and Supplemental Complaint would cause undue delay, would cause unfair prejudice, is the product of a dilatory motive, or would be futile. Because they have offered no valid grounds for departing from the "liberality in allowing amendments to a complaint" that the Sixth Circuit requires, *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015), the Court should grant Mr. Wonser's motion for leave and permit Defendants to answer and refile their Rule 12 motion.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Jeffrey Wonser*

CERTIFICATE OF SERVICE

I certify that on December 5, 2024, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(1).

/s/Brian D. Bardwell
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Jeffrey Wonser*