IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY WONSER,

    **Plaintiff,**

v.

    Civil Action 2:24-cv-2160
    Chief Judge Sarah D. Morrison
    Magistrate Judge Elizabeth P. Deavers

CHARLES L. NORMAN, *et al.,*

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave Instanter to File an Amended and Supplemental Complaint. (ECF No. 21.) Defendants have filed a Response (ECF No. 28) and Plaintiff has filed a Reply (ECF No. 29). For the following reasons, Plaintiff's motion (ECF No. 21) is **DENIED, without prejudice**. The Clerk is **DIRECTED** to **STRIKE** the improperly filed First Amended and Supplemental Complaint from the Court's docket. (ECF No. 20.) Also before the Court is Defendants' Motion to Stay Discovery. (ECF No. 14.) That motion also is fully briefed. (ECF Nos. 18, 25.) For the following reasons, Defendants' motion is **DENIED**.

    **I.**    **BACKGROUND**

By way of very brief background, this case arises from Plaintiff's application for a license plate that stated "F46 LGB." (ECF No. 1 at ¶ 81.) The BMV denied his application. (*Id.* at ¶ 87.) Plaintiff appealed and the BMV denied his appeal. (*Id.* at ¶¶ 93, 94.) On May 3, 2024, Plaintiff filed his Complaint against Defendants Charles L. Norman, Registrar of the Ohio BMV, Andy Wilson, Director of the Ohio Department of Public Safety, and Thomas Strickrath, the

former Director of the Ohio Department of Public Safety. (*Id.*) Plaintiff brings claims under 42 U.S.C. § 1983 for alleged violations of his First Amendment rights asserting that the Guidelines used to deny his application are unconstitutionally vague and the Defendants unconstitutionally applied the Guidelines. (*Id.* at ¶¶ 119-147.) Plaintiff also asserts a state law claim for civil liability for criminal acts pursuant to Ohio Revised Code § 2307.60. (*Id.* at ¶¶ 148-152.)

On July 29, 2024, the Court issued a Preliminary Pretrial Order adopting an amendment deadline of July 30, 2024, as agreed upon by the parties. (ECF No. 8; *see also* ECF Nos. 6, 7.) On October 2, 2024, Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 9.) On October 6, 2024, Plaintiff filed a Motion for a Preliminary Injunction. (ECF No. 12.) On November 8, 2024, Plaintiff filed his Motion for Leave Instanter to File an Amended and Supplemental Complaint. (ECF No. 21.) Rather than attach his proposed pleading to his motion as an exhibit, Plaintiff presumptuously filed his Amended Complaint on the Court's docket. (ECF No. 20.)

## II. PLAINTIFF'S MOTION FOR LEAVE

As noted above, the deadline to amend pleadings as agreed upon by the parties and established by the Court was July 30, 2024. Plaintiff filed his current 11-line motion, citing only the liberal pleading standards of Rule 15(a), on November 8, 2024, over three months later. Beyond the use of the word "instanter," Plaintiff does not meaningfully acknowledge the untimeliness of his current motion. This is confirmed by Plaintiff's corresponding failure to set forth good cause for modifying the case schedule as required by Rule 16(b)(4). Plaintiff's failures prevent the Court's consideration of the motion for leave.

When a motion to amend is brought after the deadline set within the court's scheduling order, a party must satisfy the standards of both Rule 15(a) and 16(b)(4). *Carrizo (Utica) LLC v.*

*City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016) (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)).  "Once the scheduling order's deadline to amend the complaint passes, ... a plaintiff *first* must show good cause under Rule 16(b) for failure earlier to seek leave to amend and the district court must evaluate prejudice to the nonmoving party before a court will [even] consider whether amendment is proper under Rule 15(a)." *Commerce Benefits Grp. Inc. v. McKesson Corp*, 326 F. App'x 369, 376 (6th Cir. 2009) (internal quotation marks and citation omitted) (emphasis added); *cf. Johnson v. Metro. Gov't of Nashville & Davidson Cnty.*, Nos. 10-6102 & 11-5174, 2012 WL 4945607, at *17 (6th Cir. Oct. 18, 2012) ("Rule 15 is augmented by Rule 16, which states that the generally wide latitude to amend may be restricted by the court's other scheduling orders.").

Under Rule 16(b)(4), the Court will modify a case scheduling "only for good cause ...." Fed. R. Civ. P. 16(b)(4). The party seeking modification of the case schedule has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order ...." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008).  In determining whether good cause exists, the primary consideration "is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce*, 326 F. App'x at 377 (internal quotation marks and citation omitted); *see also Leary*, 349 F.3d at 906 (quoting 1983 advisory committee notes to Fed. R. Civ. P. 16) ("But a court choosing to modify the schedule upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'").  Finally, the Court must also consider "potential prejudice to the nonmovant...." *Leary*, 349 F.3d at 909.  Even if an amendment would not prejudice the nonmoving party, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline. *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 450 (6th

3

Cir. 2010); *see also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If the proponent of a belated amendment demonstrates good cause under Rule 16(b)(4), a court will then evaluate the proposed amendment under Rule 15(a). *Commerce*, 326 F. App'x at 376. Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Rule 15(a) sets forth "a liberal policy of permitting amendments to ensure the determination of claims on their merits." *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted). As the United States Court of Appeals for the Sixth Circuit has noted, "[f]actors that may affect [a Rule 15(a)] determination include undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008). In determining prejudice, the Court examines "whether the assertion of the new claim would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McLellan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

Plaintiff's casual approach[1] to a Court ordered deadline also fails to recognize that,

> ... deadlines are important things. And when the Court establishes deadlines, the parties are obliged to follow them." *Century Indem. Co. v. Begley Co.*, 323 F.R.D. 237, 239 (E.D. Ky. 2018). "Scheduling orders are critical in moving cases to a just outcome in an efficient manner. In order to accomplish this end, deadlines

---

[1] Defendants also did not raise the Rule 16(b)(4) issue, exhibiting a similarly casual approach. This is so even though they note that Plaintiff fails to explain why an Equal Protection claim was omitted from the initial Complaint. (ECF No. 28 at 2.) Nevertheless, they fail to develop a meaningful argument on this point.

4

        'must have teeth' and must be enforced by the courts." *Birge v. Dollar General Corp.*, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006) (citations and quotation marks omitted).

*In re Onglya (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, 570 F. Supp. 3d 501, 506 (E.D. Ky. 2021), *objections overruled sub nom. In re Onglyza*, No. 5:18-MD-2809-KKC, 2021 WL 5410242 (E.D. Ky. Mar. 19, 2021); *see also In re Onglyza (Saxagliptin) & Kombiglyze XR (Saxagliptin & Metformin) Prod. Liab. Litig.*, 570 F. Supp. 3d 473, 476–77 (E.D. Ky. 2020) (quoting *Birge*, 2006 WL 133480, at *1) ("'a court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded ... without peril....'"); *Edwards v. Grand Rapids Cmty. Coll.*, No. 1:09-CV-1067, 2010 WL 2163823, at *2 (W.D. Mich. May 27, 2010) ("a court's case management order is not ... a meaningless piece of paper that a party may ignore at his whim."). And, it bears emphasis that Plaintiff missed the amendment deadline not by a brief period of time but by more than three months.

        Accordingly, because Plaintiff has not established good cause for failing to move to amend his Complaint prior to the amendment deadline, the motion (ECF No. 21) is **DENIED**. This denial, however, is **without prejudice** to Plaintiff's re-filing a properly supported motion setting forth the required good cause.

        **III.    DEFENDANTS' MOTION TO STAY DISCOVERY**

        "A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-CV-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n v. Miller*, 523 U.S. 866, 880 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936))). The Court, however, "must tread carefully in granting a stay of proceedings since a party has a right to a

determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254–55).

In deciding whether to grant a stay, courts commonly consider the following factors: (1) the stage of litigation; (2) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (3) whether a stay simplifies the issues; and (4) whether the burden of litigation on the parties and on the court is reduced. *Grice Eng'g, Inc. v. JG Innovations, Inc.*, 691 F. Supp. 2d 915, 920 (W.D. Wis. 2010) (citations omitted). The movant bears the burden of showing both a need for delay and that "neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396.

In exercising its discretion, the Court has found that filing a case-dispositive motion is insufficient to grant a stay of discovery. *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-CV-00219, 2010 WL 3719245, at *2 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Tele. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008)) (denying the defendants' motion to stay discovery despite their pending summary judgment motion). Indeed, if a motion does not raise an issue "which would be substantially vitiated absent a stay" and there is no showing that the case will "certainly be dismissed" then "a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept 7, 2010).

Nevertheless, the United States Court of Appeals for the Sixth Circuit has recognized that "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting

*Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). This Court, however, retains broad discretion in determining whether to "stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)).

Defendants have moved to stay discovery citing the extraordinary breadth of, and corresponding substantial burden posed by, Plaintiff's pending discovery requests. Beyond this, they claim they have raised "various issues of statutory and constitutional immunity, which would be substantially vitiated absent a stay." (ECF No. 14 at 1.) Buried within this argument is the claim that their assertion of a statute of limitations defense mandates a stay. Finally, they assert that there is no risk of prejudice to Plaintiff from a delay. None of Defendants' arguments are well-taken.

First, the burden argument. This requires some discussion of the current state of discovery as explained by the parties. Plaintiff served combined sets of 71 requests for admission, 21 interrogatories, and 30 requests for production[2] on each Defendant, for a total of 122 discovery requests per Defendant or a complete total of 366 requests. These requests were served on August 29, 2024. (See ECF Nos. 14-1, 14-2 and 14-3 at 16.) Prior to filing their motion to stay on October 11, 2024, Defendants had begun responding to the requests for admission. (ECF No. 14 at 3.) They represent in their reply that, as of that filing, they had responded to the 213 requests for admission. (ECF No. 25 at 4.) Thus, for purposes of their current motion, Defendants are seeking a stay relating to the 21 interrogatories and 30 requests for production per Defendant. Or, as Defendants characterize it, 153 discovery requests. (*Id.*) Defendants acknowledge, however, that the three sets of discovery requests are the same. (*Id.*)

---

[2] Plaintiff identifies this last category of discovery requests as "Requests for Inspection." (ECF Nos. 14-1, 14-2, 14-3.)

7

Given this state of discovery, the Court is not persuaded that Plaintiff's requests are fairly viewed as so burdensome as to warrant a complete stay.  Defendants' arguments on this issue reflect two potential concerns, duplicative discovery and objections.  Neither of these concerns weighs in favor of a stay.  To the extent that Defendants' responses to the same requests may result in duplication, the Court expects the parties to meet and confer on how best to address this straightforward issue.  As for Defendants' objections to specific requests, the Federal Rules of Civil Procedure provide other options for addressing such situations short of a complete stay.

Importantly, on this latter point, the parties are **SPECIFICALLY REMINDED** of their meet and confer obligations and the requirement that they arrange a conference with the Court prior to any motions practice.  *See* S.D. Ohio Civ. R. 37.1 ("Objections, motions, applications, and requests relating to discovery **shall not be filed** in this Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.") (emphasis added); *see also* Preliminary Pretrial Order dated July 29, 2024, ECF No. 8 ("***If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court.***")  The parties are **SPECIFICALLY ADVISED** that any discovery motions filed prior to the fulfillment of these prerequisites will be summarily denied.

Defendants' second argument is that their claims of immunity will be vitiated absent a stay.  Again, this argument requires context.  In their dispositive motion, Defendants assert an immunity defense as to Plaintiff's single state law claim.  Briefly, Plaintiff's state law claim arises under Ohio Rev. Code § 2307.60, Civil Liability for Criminal Acts.  (ECF No. 1 at §§ 148-

8

152.)[3] Plaintiff, relying on Ohio Rev. Code § 2921.45,[4] alleges as the criminal act Defendants' interference with his First Amendment free speech rights. Defendants raise two immunity arguments. First, they contend that, to the extent Plaintiff sues them in their official capacities, such a claim is barred by sovereign immunity under the Eleventh Amendment. Alternatively, they assert that, to the extent they are sued in their individual capacities, the Ohio Court of Claims is required to conclude that they are not entitled to immunity under Ohio Rev. Code § 9.86 before Plaintiff may pursue such a claim in federal court.

Initially, sovereign immunity arguments, alone, are insufficient to justify a stay. *B.L. v. Schuhmann*, Civil Action No. 3:18-CV-151-RGJ-CHL, 2019 WL 177940, at *5 (W.D. Ky. Jan. 11, 2019) ("[E]ven some discovery may be permitted where sovereign immunity is asserted.") (citing *Alspaugh v. McConnell*, 643 F.3d 162, 168 (6th Cir. 2011)). Moreover, Defendants' argument is wholly undeveloped and fails to acknowledge the very narrow parameters of their immunity assertions here. That is, any stay would be limited to discovery on Plaintiff's state law claim. *Fisher v. City of Columbus*, No. 2:24-CV-150, 2024 WL 4134849, at *3 (S.D. Ohio Sept. 10, 2024) (citing *Mitchell v. Ohio State Univ.*, No. 2:19-CV-4162, 2020 WL 548326, at *3 (S.D. Ohio Feb. 3, 2020) ("The Individual Defendants are not entitled to avoid participating in discovery in the entire action merely because some of Plaintiff's claims against them may be subject to an immunity defense.")) Given the nature of that particular claim, however, there is substantial overlap with Plaintiff's § 1983 claims. Under this circumstance, Defendants have not persuaded the Court that their claims to immunity would be vitiated absent a stay.

---

[3] Although it should go without saying, given the Court's ruling above, the operative Complaint for purposes of considering Defendants' motion is the original Complaint.

[4] Under Ohio Rev. Code § 2921.45, it is a criminal act for any "public servant, under color of the public servant's office, employment, or authority," to "knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

Nor does Defendants' assertion of a statute of limitations defense necessarily weigh in favor of granting a complete stay of discovery. Even assuming that the statute of limitations may be the type of narrow legal issue which warrants a stay of discovery pending resolution of a dispositive motion, here, the statute of limitations inquiry does not appear to be a straightforward analysis. In similar situations, where the issues raised in a potentially dispositive motion reasonably can be characterized as fairly debatable, the Court routinely has declined to grant a stay. *See e.g.*, *Ohio Bell Telephone*, 2008 WL 641252 at *2 (refusing to stay discovery during the pendency of a motion to dismiss where the jurisdictional issue raised was "fairly debatable"). Without expressing any opinion as to the merits of Defendants' dispositive motion, a brief overview of the parties' briefing demonstrates that is the situation here.

Finally, the Court finds no merit to Defendants' claim that Plaintiff would not be prejudiced by a stay. Delaying the resolution of this case will, of course, present some prejudice to Plaintiff. And, "[a]s reflected in the Federal Rules," Plaintiff deserves his case to be heard "in a timely and efficient manner." *Young v. Mesa Underwiters Specialty Ins. Co.,* No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020). Staying discovery, on the arguments presented by Defendants, would be inconsistent with that goal.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave Instanter to File an Amended and Supplemental Complaint (ECF No. 21) is **DENIED, without prejudice**. The Clerk is **DIRECTED** to **STRIKE** the improperly filed First Amended and Supplemental Complaint (ECF No. 20) from the Court's docket. Further, Defendants' Motion to Stay Discovery (ECF No. 14.) is **DENIED.**

**IT IS SO ORDERED.**

Date: January 29, 2025                              /s/ *Elizabeth A. Preston Deavers*
                                                   ELIZABETH A. PRESTON DEAVERS
                                                   UNITED STATES MAGISTRATE JUDGE