**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY WONSER, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:24-CV-02160 |
| | : | |
| v. | : | Judge Sarah D. Morrison |
| | : | |
| CHARLES L. NORMAN, et al., | : | Magistrate Judge |
| | : | Elizabeth A. Preston Deavers |
| Defendants. | : | |

**DEFENDANTS' MEMO CONTRA MOTION TO MODIFY**
**THE CASE-MANAGEMENT ORDER**

**I.     STATEMENT OF FACTS**

Plaintiff's Complaint was filed on May 3, 2024. (Doc. 1). After Defendants answered, this Court issued a Preliminary Pretrial Order on July 29, 2024, setting a discovery deadline of April 15, 2025. (Doc. 8). Plaintiff issued his first set of discovery requests on August 29, 2024. (Motion for Stay, Ex. C, Doc. 14-3, PageID # 2296). Shortly thereafter, Defendants moved for judgment on the pleadings on October 2, 2024. (Doc. 9). Defendants moved to stay discovery on October 11, 2024, pending a ruling on their Motion for Judgment on the Pleadings (Doc. 14). This motion was denied alongside Plaintiff's motion to amend their complaint on January 29, 2025.

Once Defendants' motion to stay discovery was denied, Defendants responded to Plaintiff's interrogatories on March 7, 2025 and requests for production on March 14, 2025. Defendant Norman issued discovery requests to Plaintiff on the same day.

At no point prior to the close of discovery did either party move for an extension of the case schedule. The day after discovery closed, Plaintiff filed the instant Motion, seeking a 90-day extension because "Mr. Wonser has not yet had a chance to complete his review of the records

1

produced on March 14, let alone advise his client on whether they indicate that depositions or other further discovery is warranted." Plaintiff further advises that Defendants "unfairly narrowed the discovery window they had agreed to by refusing to respond," presumably referring to their motion to stay discovery.

Plaintiff's two-page motion sets out no particulars on how much discovery, in his view, remains to be conducted, does not argue that his client would be prejudiced by the denial of his motion, does not offer any explanation of why he could not have moved for an extension prior to the close of discovery, and does not argue that Defendants would not be prejudiced by an extension. Plaintiff's Motion cites no supporting caselaw.

II.     **LAW AND ARGUMENT**

Defendants' position is that no discovery is needed – that, in fact, no discovery was necessary in the first place – and that Plaintiff would not be prejudiced by a denial of his motion to amend the case schedule. As Defendants set out in their initial Motion for Judgment on the Pleadings, there are simply no dispositive factual questions in this case, and it may be resolved in its entirety purely through an analysis of the legal issues raised in the Complaint and Answer. If Plaintiff disagrees, he has not made this clear, nor has he offered any argument supporting the notion.

    A. **Plaintiff's last-minute motion sets forth no facts establishing that good cause exists to extend the case schedule.**

Plaintiff's Motion hinges on the claim that he only had 32 days after Defendants' most recent discovery responses to assess the case and determine whether more discovery was needed. Presuming for the sake of argument that this time period – over a month – is inadequate, this argument still rests on three wholly unsupported propositions: first, that there are fact questions which Plaintiff still wants or needs to investigate; second, that he would be prejudiced if he were

2

not permitted to do so; and third, that Defendants would not be prejudiced by an additional 90 days of discovery.

Although Plaintiff may not yet be aware of the contents of Defendants' discovery responses, if he has not reviewed them, he still surely knows which facts he must prove to prevail in the case, and which fact questions he does not yet have the evidence to address – yet he lists none. Nor does he argue that Plaintiff would be prejudiced if further discovery were barred. On a plausible reading of Plaintiff's Motion, by his own admission, he has *not yet determined whether* "further discovery is warranted[,]" and his Motion is filed, essentially, just in case. (Doc. 31, PageID # 2474). This does not meet the standard of "good cause."

As this Court has already instructed Plaintiff, he "has the 'obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order[.]'" (Doc. 30, PageID # 2465 (citing *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008))). The "primary consideration" in this demonstration "is the moving party's diligence in attempting to meet the case management order's requirements." (*Id.* (citing *Commerce Benefits Grp. Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009))). Plaintiff does not appear to have taken this to heart – he argues nowhere in his motion that he has diligently sought to meet the case management order's requirements. Indeed, he did not even inform this Court that he considered an amendment necessary until the discovery deadline had elapsed. For this reason, denial of his Motion is the proper course of action.

**B. An extension of the case schedule would unduly prejudice Defendants.**

For Defendants, all burden imposed by the discovery process in this case is undue, as none has been necessary since the pleadings stage. Nevertheless, following this Court's Order denying their motion for a stay, Defendants have fully responded to all discovery requests by Plaintiff. Defendants have also fully responded to Plaintiff's parallel public records requests.

3

Defendants expect that, if Plaintiff's motion for an extension is granted, he will embark on directionless "fishing expeditions" by deposing various BMV or DPS officials, most if not all of whom will have no recollection whatsoever of Plaintiff's single vanity plate application from 2022. Plaintiff will be able to use the burden and expense of these depositions as leverage for settlement, rather than as a means to engage in necessary factfinding. This would be undue prejudice.

**C. There is no showing of undue prejudice to Plaintiff if his motion is denied.**

Further, Plaintiff offers no support for the premise that he would be prejudiced by a denial of his Motion. There is not a single fact question listed in his Motion which further discovery would assist him in proving – there are no fact questions mentioned at all. On this point, Plaintiff provides Defendants nothing to argue against.

**D. Denying Plaintiff's motion would not be an abuse of discretion.**

The Sixth Circuit has repeatedly confirmed that a district court does not abuse its discretion by denying a motion for leave to amend the case scheduled which was filed after the close of discovery. "District courts, it is well understood, enjoy broad discretion over docket control and the discovery process." *Hall v. Navarre*, 118 F.4th 749, 754 (6th Cir. 2024) (quoting *Pittman v. Experian Info Sols., Inc.,* 901 F.3d 619, 642 (6th Cir. 2018)). In *Hall*, a plaintiff appealed after a district court denied his untimely motion to extend discovery, leaving him only 25 days to conduct discovery. The Sixth Circuit held that this was not an abuse of discretion, in part because his motion "says little as to what this additional discovery period could have revealed, other than to suggest that the narrow discovery window hindered his 'ability to adequately litigate his distinct *Monell*' claims." *Id.* at 755. Plaintiff, here, does not even go so far as to discuss particular claims he wishes to investigate further – he only notes that his discovery window was inconveniently short (though not as short as the plaintiff's in *Hall*). The Sixth

4

Circuit has also affirmed denials of discovery schedule extensions where, as here, there is no indication that future discovery would yield more relevant evidence. *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 272 (6th Cir. 2021).

### III. CONCLUSION

Accordingly, for the reasons set forth herein, Defendants respectfully request that this Court deny Plaintiff's Motion to Modify the Case-Management Order.

Respectfully submitted,

*/s/ Donald C. Brey*
Donald C. Brey (0021965), *Trial Counsel*
Ryan C. Spitzer (0093515)
Gareth A. Whaley (0102156)
**ISAAC WILES & BURKHOLDER, LLC**
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098
dbrey@isaacwiles.com
rspitzer@isaacwiles.com
gwhaley@isaacwiles.com
*Counsel for Defendants*

### CERTIFICATE OF SERVICE

On April 21, 2025, a true copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic system. Parties may access this filing through the Court's system.

*/s/ Donald C. Brey*
Donald C. Brey (0021965)

4908-3581-5736.1

5