UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY WONSER,

      Plaintiff,

  v.

CHARLES NORMAN, *et al.*,

      Defendants.

:

:

:

Case No. 2:24-cv-2160
Chief Judge Sarah D. Morrison
Magistrate Judge Elizabeth A. Preston Deavers

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (ECF No. 9) and Plaintiff's Motion for a Preliminary Injunction (ECF No. 12). Each motion has been fully briefed and is ripe for consideration.

For the reasons below, Defendants' Motion is **GRANTED** in part. Plaintiff's claim alleging a violation of Ohio Revised Code § 2307.60 is **DISMISSED** without prejudice. Plaintiff's Motion for a Preliminary Injunction is **DENIED**.

## I.    BACKGROUND

The Ohio Bureau of Motor Vehicles allows Ohio drivers to apply for personalized license plates through its website. BMV reviews any such applications using a set of guidelines.[1] Those guidelines, in part, instruct BMV to reject plates

---

[1] The guidelines arose from a settlement agreement in *Anthony Zucco v. Franklin L. Caltrider*, No. 2:01-cv-1270 (S.D. Ohio filed Dec. 20, 2001). In that case, BMV was sued for revoking the license plate "RDRAGE."

that "are profane (that is, swearwords or expletives), [or can be interpreted as][2] obscene, sexually explicit, or scatological (i.e., pertaining to feces or excrement)." (*See* Compl. ¶ 31.)

Jeffrey Wonser applied for the license plate "F46 LGB" on March 9, 2022. (Answer Ex. A, ECF No. 4-1.) His Complaint alleges that these letters have no objective meaning but many interpret them to mean either "Fuck 46 (Joe Biden, the 46th President of the United States) Let's Go Brandon"[3] or "FAG LGB," a "gay-pride message intended to reclaim a homophobic slur." (Compl. ¶ 82–85.)

On March 11, and again on March 15, BMV rejected Mr. Wonser's application as violating its guidelines. (Answer Exs. A, B, ECF No. 4-1.) Mr. Wonser appealed and BMV affirmed its rejection of his proposed plate on March 24, 2022. (*Id.* Ex. C.) It issued Mr. Wonser a refund of his special plate fee on May 20, 2022. (Compl. ¶ 107.)

In July 2022, Mr. Wonser contacted BMV to request that he receive his proposed license plate and that BMV reconsider its guidelines. (Pl.'s Mot. for Prelim. Inj. Ex. 39, ECF No. 12-39.) BMV declined to do either. (*Id.* Ex. 41, ECF No. 12-41.) Mr. Wonser again attempted to apply for his plate through BMV's website in April 2024, but the website was programmed to automatically reject a request for

---

[2] It is unclear from the pleadings whether this bracketed language is included in the guidelines. Neither party has provided a copy of the guidelines. The Complaint cites the guidelines without including this language (Compl. ¶ 31), but goes on to say that this language is now part of the guidelines. Emails from BMV personnel include this language. (Answer Exs. A & C.) Because of the analysis below, resolving this ambiguity is unnecessary.

[3] "Let's Go Brandon" is a euphemism for "Fuck Joe Biden." *See D.A. by & through B.A. v. Tri Cnty. Area Sch.*, 746 F. Supp. 3d 447, 459 (W.D. Mich. 2024).

2

"F46 LGB." (Compl. ¶ 113.) Mr. Wonser's counsel then requested reconsideration, but BMV declined. (Pl.'s Mot. for Prelim. Inj. Ex. 47, ECF No. 12-47.)

Mr. Wonser filed his Complaint on May 3, 2024, naming as defendants Charles Norman (BMV Registrar), Andy Wilson (Director of the Ohio Department of Public Safety), and Thomas Stickrath, (former Director of the Ohio Department of Public Safety).[4] He challenges BMV's guidelines under 42 U.S.C. § 1983, arguing they violate his First Amendment right to free speech both facially and as applied. He also alleges a violation of Ohio law.

## II. MOTION FOR JUDGMENT ON THE PLEADINGS

### A. Standard of Review

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed

---

[4] Mr. Wonser does not specify whether Defendants are sued in their individual or official capacities. Absent a clear indication that defendants are being sued in their individual capacities, courts must assume that they are being sued in their official capacities only. *Nelson v. City of Flint*, 136 F. Supp. 2d 703, 717 (E.D. Mich. 2001).

3

factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

 A motion for judgment on the pleadings should be granted when there is no material issue of fact, and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

All well-pled factual allegations in the complaint are accepted as true for purposes of a motion for judgment on the pleadings. *See id.* Although a court's decision on a motion for judgment on the pleadings rests primarily upon the allegations of the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint" and answer. *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001)).

### B. Mr. Wonser's §1983 claims are untimely.

The statute of limitations for § 1983 claims in Ohio is two years. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). The statute "begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Id.* (citing *Friedman v. Est. of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991)). Mr. Wonser concedes that his initial license plate application was rejected more than two years before he filed his Complaint, arguing that

4

Defendants' enforcement of the guidelines constitutes a continuing violation of his First Amendment rights, thereby tolling the statute of limitations.[5]

To prove a continuing violation, a plaintiff must show that he suffered "a new deprivation of constitutional rights every day . . . rather than merely suffering additional harm from a prior unconstitutional act." *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 522 (6th Cir. 1997). Repeated requests for relief from the previous act do not trigger the doctrine. *Pittman v. Spectrum Health Sys.*, 612 Fed. App'x. 810, 813 (6th Cir. 2015); *see also Herrera v. City of Espanola*, 32 F.4th 980, 998 (10th Cir. 2022) ("[W]here a defendant reaches a final decision on a matter and informs the plaintiff of such outside the statute of limitations period, we have rejected efforts by a plaintiff to rely on subsequent denials of renewed requests within the limitations period to overcome the statute of limitations.").

A continuing violation occurs only when (1) the defendant engaged in continuing wrongful conduct, (2) the injury to the plaintiff accrued continuously, and (3) had the defendants at any time ceased their wrongful conduct, further injury could have been avoided. *Hensley v. City of Columbus*, 557 F.3d 693, 697 (6th Cir. 2009). "The doctrine applies most frequently in the context of Title VII cases, and is rarely extended to § 1983 actions." *Goldsmith v. Sharrett*, 614 F. App'x 824, 828 (6th Cir. 2015) (citing *Sharpe v. Cureton,* 319 F.3d 259, 267 (6th Cir.2003)). In the § 1983 context, continuing violations "are akin to hostile-work environment

---

[5] In response to BMV's Motion, Mr. Wonser also argues that his overbreadth challenge is timely when considered as a violation of his right to receive information from other drivers. Because Mr. Wonser does not allege this injury in his Complaint, the Court will not consider it.

claims where the harm 'cannot be said to occur on any particular day' and individual incidents are not actionable on their own." *Id.* at 828–29 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002)).

Mr. Wonser's initial license plate application was rejected on March 11 and 15, 2022. His appeal of that rejection was denied on March 24, 2022. After March 24, 2022, Mr. Wonser suffered no new constitutional deprivation—he knew or should have known at that time that his First Amendment rights had been violated. His subsequent requests for the same license plate in July 2022 and April 2024 were not new deprivations.

Nevertheless, Mr. Wonser invokes *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F.3d 516 (6th Cir. 1997) to support his argument that BMV's guidelines constitute a continuing violation. In that case, Geauga County had enacted Resolution 91-87, which prevented the Kuhnle Brothers (a trucking company) from using a certain road to access a quarry. 103 F.3d at 518. The County stopped enforcing 91-87 after the Ohio Supreme Court found that a similar resolution was improper. *Id.* More than two years after 91-87 was enacted, but less than two years after the County stopped enforcing it, Kuhnle filed § 1983 claims against the County. *Id.* at 518–19. After the district court dismissed all of Kuhnle's claims on statute of limitations grounds, the Sixth Circuit reinstated Kuhnle's Fourteenth Amendment Due Process claim for the deprivation of its right to interstate travel. *Id.* at 522. The court found that Kuhnle had been "actively deprived" of its right to travel everyday Resolution 91-87 was in effect, stating that "a law that works an

6

ongoing violation of constitutional rights does not become immunized from legal challenge for all time merely because no one challenges it within two years of its enactment." *Id.* The Sixth Circuit affirmed the District Court's dismissal of Kuhnle's takings claim and claim for deprivation of property without Due Process as time barred. *Id.* at 521.

Mr. Wonser's alleged injury and the causation thereof are different in nature and kind than Kuhnle Brothers' right to interstate travel claim. Here, any harm stems from BMV's discrete use of the guidelines to deny a particular application for a license plate. The denial of a requested license plate is a single harm, measurable and independently actionable, triggering the statute of limitations. There was no continuing violation of Mr. Wonser's First Amendment rights.

This decision aligns with the purpose of the statute of limitations. If the Court were to find that Mr. Wonser had established a continuing violation by challenging the existence of BMV's guidelines, then BMV would be subject to suit from anyone whose license plate had been rejected since the enactment of the guidelines in 2003; this would be untenable.

### C. The Court declines to exercise supplemental jurisdiction over the remaining state law claim.

Having found that Mr. Wonser's § 1983 claims are barred by the applicable statute of limitations, the Court declines to exercise supplemental jurisdiction over his remaining state law claim. It is **DISMISSED** without prejudice.

7

### III.   MOTION FOR A PRELIMINARY INJUNCTION

When considering a motion for a preliminary injunction, the Court examines four factors: (1) whether the plaintiff has established a strong likelihood of success on the merits; (2) whether the plaintiff would suffer irreparable injury if a preliminary injunction did not issue; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served if the court were to grant the requested injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

Based on the foregoing analysis, Mr. Wonser has not established a strong likelihood of success on the merits. His Motion for a Preliminary Injunction (ECF No. 12) is **DENIED**.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is **GRANTED** in part. Mr. Wonser's state law claim is **DISMISSED** without prejudice. His Motion for a Preliminary Injunction is **DENIED.** This case is terminated.

   **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8